## HILBURN *v.* HILBURN.

1. The court did not err in holding that the admissions made in the pleadings and in open court by the defendant were not such as to make a prima facie case for the plaintiff, and that in consequence thereof the defendant was not entitled to open and conclude in the conduct of the case and in the argument to the jury.
2. Giving to the verdict rendered in this case a reasonable intendment, it is not contrary to law, nor is it without evidence to support it.
3. Error is assigned upon the following charge of the court: "You may use your own human experience to some extent as enlightened and directed by the evidence in the case, if you find the wife is entitled to alimony, in judging what amount would be necessary for the support of the wife in this case as disclosed by the record and all the facts and surrounding circumstances of the case." While there is a want of precision in the statement of the principle which the court here lays down in his instructions for the guidance of the jury, in substance the court here instructed the jury that if they should find that the wife was entitled to alimony they might use their experience as enlightened men in judging what amount would be necessary for the support of the wife under the evidence as disclosed by the record and all the facts and circumstances of the case. Thus construed, there was

---

Husband and Wife, 30 C. J. p. 1088, n. 63; p. 1089, n. 79.
Trial, 38 Cyc. p. 1304, n. 70.

nothing confusing and misleading in the charge. Nor does it tend to negative the rule insisted upon by the plaintiff in error, that a verdict must be based upon the sworn evidence in the case. But that rule does not deprive the jury, in passing upon the evidence under the instructions of the court, of the right to consider that evidence in the light of their experience as men; for jurors must bring to bear upon the evidence their experience in the affairs of life; and this is contemplated by the law which makes them the judges of the evidence and of the credibility of the witnesses, and allows them, in passing upon the credibility of the witnesses, to consider their interest in the case, their demeanor upon the stand, and all the facts and circumstances proved.

No. 5515. October 13, 1926.

Alimony. Before Judge Camp. Laurens superior court. June 12, 1926.

*S. W. Sturgis* and *E. L. Stephens,* for plaintiff in error.

*M. H. Blackshear,* contra.

Beck, P. J. Mrs. Eva King Hilburn brought suit against her husband, B. M. Hilburn, for temporary and permanent alimony and for total divorce. By amendment the prayers for divorce were stricken. At the time of the filing of the suit plaintiff and defendant were in a bona fide state of separation. In the plaintiff's petition she set forth a statement of the property which she claims her husband owned, a large amount of valuable lands and personal property. In his answer the husband denied the acts charged against him upon which the divorce was sought, but which it is not material to consider, the prayers for divorce having been stricken. In his answer the defendant alleged that the real estate was not worth the amount claimed in the petition, and that it was encumbered to the amount of $5,000. By amendment the defendant alleges that he voluntarily, by a deed attached to the answer, makes adequate provision for the support and maintenance of his wife and the minor children named in the petition for permanent alimony. In the deed attached it is recited that the consideration for the conveyance of the land is five dollars "and as provision for her support and maintenance." The deed is to the plaintiff in the case and the minor children named in the petition. It is alleged that the land conveyed is worth $8,000. The jury returned a verdict in favor of the petitioner. The defendant filed a motion for a new trial, and afterwards amended the same; and upon the hearing of the motion it was overruled.

1. In the first ground of the amendment to the motion for a new trial, after reciting the substance of the amendment made

by him to his answer, in which he alleged that he had made adequate provision for the support and maintenance of his wife and minor children named in the petition, it is further recited, that, "after the court granted the amendment and ordered it filed as a part of the record, both the plaintiff and defendant then and there in open court agreed, and it was sanctioned by the court, that the only issue to be tried was whether or not the land conveyed by the deed attached to the amendment, and its value, was adequate provision for the support and maintenance of the wife, consistent with the husband's means and the wife's former circumstances." And it is also recited that the court then held that the sole question for the jury to determine was, whether or not the land conveyed by the deed was an adequate provision for the support and maintenance of the wife and minor children; that all the allegations and grounds of cruel treatment and grounds of divorce had been eliminated by the amendment filed by petitioner. Movant then claimed and insisted that in consequence of the amendment and admissions recited above the burden of proof was upon him, and he assumed the burden in the case; but the court held and ruled that the burden was upon the plaintiff in the case, and to this ruling the plaintiff in error excepted and assigns the same as error. This contention is not sound. Whether or not the burden was upon the defendant in the case to show the value of the property deeded, nevertheless, as the wife insisted and showed in the progress of the trial that she was entitled to additional provision as alimony, the general burden in the case was still upon her; for in her petition she had made allegations as to the property owned by the husband, consisting of realty and personalty, and that it had the large value stated by her. The husband denied that the property had this value. The burden was upon the wife to show that her claims for alimony were reasonable and proper, in view of the husband's financial condition. The agreement and admissions made in court recited in this ground of the motion did not make out a prima facie case for the wife; and there was no error in refusing to accede to the defendant's claim of right to open and conclude the case.

2. The jury returned the following verdict: "We, the jury, find in favor of the plaintiff as follows: The wife accepts the Gough place as tendered. The defendant is to pay $7.75 each

to the five minor children and wife per month as long as the children are under age of 21 years. Such payment to discontinue as children become of age. All payments to cease when youngest child reaches age of 21 years." In one ground of the motion the plaintiff in error contends that the verdict is erroneous and contrary to law, for the reason that there is no evidence that the "wife accepts the Gough place [the land conveyed by the voluntary deed attached to the defendant's amendment] as tendered;" and that if the jury were authorized under the evidence to find that the wife accepted the Gough place as tendered, she was not entitled to further alimony; that the verdict makes no provision that the payment of $7.75 monthly shall cease except as the youngest child arrives at 21 years of age; that the verdict is contrary to law, for the reason that when the wife, after the deed was made and tendered, joined issue with defendant and went to trial, this was a refusal to accept the deed and the land conveyed as tendered. We do not think that the wife actually accepted the deed as tendered, and the jury were not authorized to find that she did. But we do not think for this reason the verdict should be set aside. Giving this finding of the jury a reasonable intendment, it means that the jury finds that the Gough place becomes a part of the alimony, and in addition thereto that she recover the sums to be paid monthly. Whether the wife accepted the place or not, the jury allowed it by this verdict as a part of her alimony and found that she was entitled to an additional sum. That was the effect of the verdict, and we can not say that it was unauthorized by the evidence. Nor should the verdict be set aside because it "makes no provision that the payment of $7.75 monthly alimony shall cease except as the youngest child arrives at 21 years of age, and does not provide that such payments shall cease in event the wife or either one or all of the girls should marry, or that payment should cease as each child reaches 21 years." The last criticism is without merit, the verdict providing that such payment is to be discontinued as the children become of age; and then adds: "All payments to cease when the youngest child reaches the age of 21 years." The fact that the verdict does not provide for cessation of payments in the event the wife or either one of the female children should marry is not good ground for setting the verdict aside. If the fact of marriage of either of the female

beneficiaries of the allowance made by the jury is a legal ground for the discontinuance of the payments, then it is to be presumed that as each or any one of them marries no further payments would go to the one married.

It is unnecessary to elaborate upon the ruling made in the third headnote.　　　*Judgment affirmed. All the Justices concur.*