19678. THOMPSON *v.* SAVANNAH BANK AND TRUST CO.

· DECIDED JUNE 11, 1929.

*George C. Heyward Jr.*, for plaintiff in error.
*William L. Clay*, contra.

BROYLES, C. J. 1. "Assignments of error must be specific, whether contained in a bill of exceptions or in a petition for certiorari, and, when based upon a decision of the trial court, must specifically point out the reason why the decision is error. Civil Code (1910), §§ 5183, 6139." *Wall* v. *Hawker Pottery Co.*, 27 *Ga. App.* 255 (2 *a*) (108 S. E. 134). An assignment of error that a judgment (not the overruling or the granting of a motion for a new trial, or a judgment on demurrer, or similar pleadings) "is contrary to law" is not a specific assignment of error and can not be considered by the court. *Callaway* v. *City of Atlanta*, 6 *Ga. App.* 354, 355 (64 S. E. 1105), and cit.

2. This case was submitted to the trial judge to pass on all questions, both of law and fact. Evidence was introduced by both parties, arguments were made by counsel, and the court rendered a judgment in favor of the plaintiff against all the defendants. To that judgment Richard C. Thompson, one of the defendants in the trial court and the plaintiff in error in this court, excepted. The only assignment of error in his bill of exceptions is as follows: "To said judgment in favor of the plaintiff the Savannah Bank & Trust Company, the defendant, Richard C. Thompson, plaintiff in error, then and there excepted, and now excepts and assigns the same as error, as being contrary to law as to him." Under the above-stated ruling, the assignment of error is not a specific assignment of error, and this court is without jurisdiction to entertain this case.

*Writ of error dismissed. Luke and Bloodworth, JJ., concur.*