23081. HENNESSEE *v.* JENNINGS.

DECIDED JANUARY 9, 1934.

*Butler & McCollister,* for plaintiff in error.
*Noah J. Stone,* contra.

JENKINS, P. J. ■ "If exception be taken to a final judgment as being erroneous in itself, the assignment of error should spe-

cifically set forth the error or errors in it which are complained of." *Lyndon* v. *Ga. Ry. & El. Co.,* 129 *Ga.* 353 (2) (58 S. E. 1047), and decisions there cited and discussed. In such a case, particularly where the trial judge has passed upon all questions of law and fact without a jury, and there has been no motion for a new trial containing proper specific grounds of exception, and the judgment is not one upon a demurrer, setting forth particular grounds, a mere general assignment of error that the final judgment is error or contrary to law is insufficient. *Rodgers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20); *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621); *Thompson* v. *Savannah Bank & Trust Co.,* 39 *Ga. App.* 809 (148 S. E. 621); *Porcher* v. *Harvley,* 28 *Ga. App.* 496 (111 S. E. 690); *Callaway* v. *Atlanta,* 6 *Ga. App.* 354, 355 (2) (64 S. E. 105). See also *Baxter* v. *Camp,* 126 *Ga.* 354 (3, 4), 367 (54 S. E. 1036); *Roberts* v. *Keeler,* 111 *Ga.* 181 (6), 185 (36 S. E. 617). But "if the ruling or decision complained of is one preceding the final judgment, and it is especially made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice . . to give the reviewing court jurisdiction." *Lyndon* v. *Ga. Ry. Co.,* supra. A similar practice obtains with regard to bills of exceptions to orders of superior courts overruling or dismissing petitions for certiorari, where the assignment of error in the bill of exceptions is general, but the petition for certiorari and the answer thereto present questions of law by proper exceptions therein. *Cusic* v. *Holland Furnace Co.,* 43 *Ga. App.* 770 (159 S. E. 882); *Leathers* v. *Waters,* 35 *Ga. App.* 757 (134 S. E. 806). Under these directly applicable or analogous rules of practice, where a bill of exceptions to a judgment of a superior court overruling an appeal from an award of the Department of Industrial Relations refers to such appeal and the argument and decision thereon, identifies the judgment, and excepts to "and assigns the same as error as being contrary to law, and says that the said judge then and there should have sustained the appeal," and the grounds of appeal contain proper specific exceptions to the judgment appealed

190

from, such an assignment of error will suffice. The motion to dismiss the writ of error is therefore denied.

■ The motion to assess damages against the plaintiff on the ground that the bill of exceptions was taken for delay only is also denied. .

■ Section 19 of the workmen's compensation act as amended provides, as to settlements, "that nothing herein contained shall be construed as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this act," and that "a copy of such settlement agreement shall be filed by the employer with the commission, and no such settlement shall be binding until approved by the commission." Michie's Code, § 3154 (19). Section 55 further provides that "if, after fourteen days from the date of the injury or at any time in case of death, the employer and the injured employee or his dependents reach an agreement in regard to compensation under this act, a memorandum of the agreement in the form prescribed by the commission shall be filed with the commission for approval as herein provided; otherwise such agreement shall be voidable by the employee or his dependents. If approved by the commission, thereupon the memorandum shall for all purposes be enforced by decree or judgment of the superior court as herein specified." This section provides also that, "if the employer and the injured employee or his dependents fail to reach an agreement which has been signed and filed with the commission and compensation has been paid or is due in accordance therewith, and the parties thereto then disagree as to the continuance of any weekly payment under such agreement, either party may make application to the commission for a hearing in regard to the matters at issue and for a ruling thereon." Michie's Code, § 3154 (55, 56). In the instant case the only question presented is whether the Department of Industrial Relations acted "in excess of its powers," "contrary to law," or "without sufficient competent evidence in the record to warrant the order . . complained of," in failing to allow to the appealing employer a credit of $125, paid in cash to the employee before his claim to compensation was filed with the department. In the award made by a director of the department,

the substance of testimony by the employer is recited, that "he had a settlement with [the employee] for the claim that he might have against him, paying him $125 in cash, being $12.50 per week for ten weeks." There is no brief of the evidence. But the award recites that it was agreed between the parties at the hearing "that the only question for determination is that as to the extent of the disability of the claimant." The award of the director makes no reference to any settlement or credit claimed by the employer, and the record is conclusive that no question as to such a claim was raised before the director first hearing the case. Nor does the record show that on the employer's appeal to the full board he raised such a question. No reference is made thereto in the award of the full board, which affirmed the findings of fact and conclusions of law of the director. Irrespective of whether or not, if the question were properly presented by the record for decision, this (or any) employer would be entitled under the compensation act to a credit on the amount to be awarded for any payments made to the employee by attempted settlement or on account of such amount as the Department of Industrial Relations might finally award, in the absence of a compliance with the requirements of sections 19 and 55 of the act as to filing with the department (formerly the "commission") a "copy of such settlement agreement" or a "memorandum of the agreement in the form prescribed by the commission," and as to obtaining the "approval" of the department, since no claim to such a credit appears to have ever been filed, and no ruling of the department appears to have ever been invoked or made thereon, it does not appear that the department acted in excess of its powers or contrary to law in making its award without reference to such a payment. The superior court therefore did not err in overruling the appeal and affirming the award.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*