35373. B. P. O. ELKS LODGE NO. 230 *et al.* v. FOSTER.

Decided March 22, 1955.

*Harris, Russell, Weaver & Watkins, John D. Comer,* for plaintiffs in error.

*Lewis & Sell,* contra.

QUILLIAN, J. The sole question presented by the bill of exceptions is whether, under the evidence adduced upon the hearing before the Workmen's Compensation Board, the judgment of the trial court reversing the board was correct. We are constrained to hold that the evidence demanded a finding in favor of the claimant and that the trial court was right in so holding.

The claimant established a prima facie case by showing that the relationship between him and the deceased was that of mother and son; that the deceased was accidentally injured while doing that which she was employed to do and on account of an occurrence arising out of what she was doing; and that the injury and disability arising from it continued until the time of her death. *United States Casualty Co.* v. *Kelly*, 78 *Ga. App.* 112 (50 S. E. 2d 238); *Davis* v. *Bibb Manufacturing Co.*, 75 *Ga. App.* 515 (43 S. E. 2d 780).

The non-expert testimony offered by the claimant to prove the disability of the deceased was competent and sufficient for the purpose. *American Fidelity & Cas. Co.* v. *Farmer*, 77 *Ga. App.* 166 (48 S. E. 2d 122); *Chattanooga, Rome &c. R. Co.* v. *Huggins*, 89 *Ga.* 494 (15 S. E. 848); *Sears, Roebuck & Co.* v. *Griggs*, 48 *Ga. App.* 585 (173 S. E. 194).

No positive proof was offered by the employer or insurance carrier in rebuttal. One of these doctors testified that in his opinion the injury could not have contributed to the cause of the death of the deceased; the other doctor testified that it could have had the effect that the injury could have lighted up or activated a latent condition that ultimately caused the serious illness and death of the deceased.

The testimony of the doctor first referred to was not sufficient to sustain an award denying compensation because the doctor admitted that he did not possess sufficient knowledge of the nature and cause of the disease to form a correct opinion of what could aggravate the disease which eventually resulted in the death of the claimant's mother, Marjorie Tolliver, or might have caused the disease to light up. His testimony was speculative and not of probative value in determining whether the injury caused or contributed to the cause of the death of the claimant's mother. *Globe Indemnity Co.* v. *Brooks*, 84 *Ga. App.* 687, 688 (67 S. E. 2d 176).

698

The testimony of the second doctor was favorable to and tended to corroborate rather than disprove the case made out by the claimant's evidence. He testified that in his opinion the disease that ultimately caused the employee's death could have been aggravated or lighted up by the injury she sustained. It should be remembered that it is not necessary to entitle a dependent of an employee to recover under the Workmen's Compensation Act that the compensable injury was the sole cause of the employee's death, but merely that such injury lighted up, activated, or aggravated a disease or dormant condition that contributed to the employee's death. It was not necessary that the injury alone cause the fatal condition, or that the condition activated or aggravated by the injury be the sole cause of the employee's death in order to entitle his dependent to recover compensation. *Maryland Casualty Co.* v. *Dixon*, 83 *Ga. App.* 172 (63 S. E. 2d 272); *Carroll* v. *Hartford Accident &c. Co.*, 73 *Ga. App.* 799 (38 S. E. 2d 185).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*