### 39608. DAVIS, Guardian v. COBB COUNTY.

HALL, Judge. This is an appeal from a judgment of the superior court recommitting to the State Board of Workmen's Compensation an award in favor of the claimant, as guardian of Sidney Davis, for "400 weeks compensation at the rate of $27.69 per week, as provided for in Georgia Code Section 114-406, paragraph (s), not to exceed the amount set out in Georgia Code Section 114-404, for temporary total disability, commencing seven (7) days from August 27, 1959," with the direction "that the State Board of Workmen's Compensation receive medical testimony to determine whether or not the alleged accidental injury received by the claimant, Sidney Davis, on or about August 27, 1959, proximately caused total blindness to the claimant; and in the absence of medical testimony to sustain the finding that the claimant Sidney Davis was totally blind and that such total blindness was proximately caused by the alleged accidental injury on August 27, 1959, that the award of the State Board of Workmen's Compensation dated September 22, 1961, so finding stand reversed, being without evidence to support the award. It is further directed that the State Board of Workmen's Compensation, in the event that it is found after hearing thereon that the said Sidney Davis, claimant, is entitled to compensation under the provision of Code Section 114-406(s), give credit to Cobb County, employer in the amount of $2,700.00, being the amount which the undisputed evidence shows was paid by Cobb County to the said Sidney Davis subsequently to the alleged injury of August 27, 1959, through

February, 1961, and that any award made by the State Board of Workmen's Compensation reflect this payment as a credit thereto. It is further directed that the award of the State Board of Workmen's Compensation, in the event that it is found after hearing thereon that the said Sidney Davis, claimant, is entitled to compensation under the provision of Code Section 114-406 (s), reflect the death of claimant, Sidney Davis, on May 31, 1961, as revealed by the undisputed evidence in the record and that compensation terminate as of that date under the provision of 114-413 of the Georgia Code insofar as this proceeding is concerned." *Held:*

1. (a) When the evidence shows that an employee was accidentally injured while doing that which he was employed to do and on account of an occurrence arising out of what he was doing, and that the injury and disability arising from it continued until his death, nonexpert testimony offered by the claimant to prove the disability is sufficient for the purpose. *B.P.O. Elks Lodge No. 230 v. Foster,* 91 Ga. App. 696, 697 (86 SE2d 725). Accord *Continental Cas. Co. v. Bennett,* 69 Ga. App. 683, 689 (26 SE2d 682). In the present case there was evidence that the employee was employed as a night watchman on the dump in Cobb County; that on August 28, 1959, while he was at work, an explosion occurred which threw something in his eyes (supposed to be acid) that caused him to lose his vision and to be unable to work. The employee testified, "I can see a glimpse of somebody but I can't tell who they are or nothing. . . I can tell day from dark, some mornings I can and some mornings I can't. . . When somebody gets in front of the light I can tell when somebody passes." He testified that he could not read or watch television. The employee's wife and guardian testified that she had taken care of him all the time since he was hurt, and to the effect that he could not see and had not worked and had not been able to work since then. This evidence (knowledge based on human experience) authorized a finding that the employee became blind as a result of an accidental injury to his eyes that arose out of and in the course of his employment, and was sufficient to support an award of compensation. *Hartford Accident &c. Co. v. Waters,* 87 Ga. App. 117 (73 SE2d 70); *B.P.O. Elks Lodge No. 230 v. Foster,* 91 Ga. App. 696, supra.

The defendant points out that, though the board is not generally bound by medical opinion testimony, in most of the cases that have come before the courts there has been some medical evidence. The cases cited recognize, nevertheless, that the finder of fact can disregard medical evidence that is indecisive. *American Motorists, Inc. v. Blaylock*, 84 Ga. App. 409, 413 (66 SE2d 126). It follows, then, that a finding of a causal connection between the employment and the injury made on the basis of the facts and circumstances surrounding the injury is supported by some evidence.

(b) In *Shipman v. Employers Mut. Liability Ins. Co.*, 105 Ga. App. 487, 493 (125 SE2d 72) it was held that when the evidence showed a claimant, though not totally deaf, was "for all ordinary and practical purposes unable to hear" he had lost his "industrial hearing" and, "It is, for that purpose and use, a complete loss of use and is compensable." Courts in other jurisdictions have held that the test of an award for loss of use of the eyes is whether the claimant's remaining vision is adequate for industrial pursuits. Powers v. Motor Wheel Corp., 252 Mich. 639 (234 NW 122, 124); Henderson v. Consumers Power Co., 301 Mich. 564 (4 NW2d 10, 17); Special Indemnity Fund of State v. Woodrow, 206 Okla. 580 (245 P2d 445, 447); Wadley v. Gleason, 192 La. 1052 (190 S 127, 132); Kubler v. Yeager, 189 Pa. Super. 339 (150 A2d 383, 385); Kilgore v. State Workmen's Insurance Fund, 127 Pa. Super. 213 (193 A 294); 99 CJS 1132, § 316; 58 Am. Jur. 784, § 290. We think the evidence was sufficient to support a finding of total incapacity due to blindness at the time of the hearing.

(c) The employer contends that the award is unsupported because there was no evidence that the employee's blindness would continue. The cases of *Liberty Mut. Ins. Co. v. Clay*, 180 Ga. 294, 296 (178 SE 736); *Borden Co. v. Fuerlinger*, 95 Ga. App. 556 (98 SE2d 410); and *Brazier v. U. S. Fidelity &c. Co.*, 99 Ga. App. 588 (109 SE2d 309), have fixed the rule that proof that an existing incapacity is permanent is not necessary to support an award for either loss of earning capacity or loss of use of a specific member. The reason for these decisions appears from the opinions to be that any award is subject to change upon a request for hearing based on change in condition as provided for by the Workmen's Compensation Law.

The portion of the judgment recommitting the award for further evidence was error.

2. The credit on the award to which the employer may be entitled is governed by *Code* § 114-415: "Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Title were not due and payable when made, *may, subject to the approval of the State Board of Workmen's Compensation,* be deducted from the amount to be paid as compensation: Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid and not by reducing the amount of the weekly payments." (Emphasis supplied). However, the credits permitted by this provision of the law are not mandatory, as shown by the language emphasized above.

The portion of the judgment directing that the board give credit to the employer in the amount paid to the employee subsequently to his injury was error; the court should have directed that the board exercise its discretion and determine whether the payments made by the employer may be deducted from the award.

3. *Code* § 114-413 provides: "When an employee is entitled to compensation under this Title for an injury received, and death ensues from any cause not resulting from the injury for which he was entitled to the compensation, payments of the unpaid balance for such injury shall cease and all liability therefor shall terminate."

The record shows that, after the hearing, the claimant's attorney notified the board that the claimant died on May 31, 1961; however, the record is silent as to the cause of death. The trial court erred in directing that compensation terminate as of the date of the employee's death, because there has been no finding by the board that the employee died from a cause not resulting from the injury for which he was entitled to compensation. The court should have directed that the board determine the facts and apply *Code* § 114-413 accordingly.

*Judgment reversed with direction that the trial court enter a judgment recommitting the award to the State Board of Workmen's Compensation with instructions in accordance with this opinion. Felton, C. J., and Bell, J., concur.*

DECIDED JULY 16, 1962.

340

*Margaret Hopkins,* for plaintiff in error.

*Reed, Ingram & Flournoy, Robert E. Flournoy, Jr., Lawrence B. Custer,* contra.