40518. BAGGETT TRANSPORTATION COMPANY
v. BARNES.

DECIDED FEBRUARY 5, 1964.

*Mitchell, Clarke, Pate & Anderson, William M. Pate,* for plaintiff in error.

*William V. George,* contra.

NICHOLS, Presiding Judge. ■ The deputy director found that the claimant timely reported the second injury to Mr. Horn, the acting terminal manager, and it is the employer's contention that such finding was not authorized.

While mere notice of an incapacity is not sufficient to put the employer on notice of an injury which might be compensable (See *Fountain v. Georgia Marble Co.,* 95 Ga. App. 21, 96 SE2d 656; *Crews v. General Motors Corp.,* 107 Ga. App. 592, 130 SE2d 925), yet, "This does not mean that a claimant must say to his employer, 'I have had such and such an accident and injury within the meaning of the Workmen's Compensation Act for which I think you are liable.' It means only that there must be something (as in the cited cases of *Railway Exp. Agency v. Harper,* 70 Ga. App. 795, 29 SE2d 434; *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 78 SE2d 257; and *Ideal Mutual Ins. Co. v. Ray,* 92 Ga. App. 273, 88 SE2d 428) to put the employer on notice that there is at least a probability that the injury of which he is informed is connected with an accident arising out of and in the course of the employment." *Employers Mut. &c. Ins. Co. v. Holloway,* 98 Ga. App. 265, 267 (105 SE2d 370). The evidence authorized the finding that the employer had the required notice of the second injury, and the evidence authorized the award of compensation.

■ The sole remaining contention of the employer is that the board erred in refusing to allow credit for payments made to the claimant after he was disabled but before any notice of the accidental injury or claim was filed with the board and before any agreement was filed for approval by the board.

In cases where medical treatment or compensation was paid to the claimant without any agreement being filed for approval and no claim filed it has been held that such payments or services were mere gratuities and did not toll the statute requiring a claim to be filed within one year from the date of

the alleged injury. See *Thomas v. Lumberman's Mut. Cas. Co.*, 57 Ga. App. 434 (195 SE 894), and cases cited. See also *Hennessee v. Jennings*, 48 Ga. App. 188 (3) (172 SE 583), where payments made without an approved agreement are discussed. The payments to the claimant being mere gratuities which would not toll the time of filing a claim must be held, as to the employer, not payments for which credit can be taken. See *Attaway v. First Nat. Bank*, 49 Ga. App. 270 (175 SE 258); *City of Hapeville v. Preston*, 67 Ga. App. 350 (20 SE2d 202). The board did not err in failing to give the employer credit for gratuitous payments made to the claimant in the absence of an approved agreement or award of the board. Accordingly, the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Hall and Russell, JJ., concur.*