41537. BAGGETT TRANSPORTATION COMPANY
v. BARNES.

Argued September 14, 1965—Decided January 31, 1966.

60

*Mitchell, Clarke, Pate & Anderson, William M. Pate,* for plaintiff in error.

*William V. George,* contra.

BELL, Presiding Judge. 1. The employer now concedes that it is liable for medical expenses not previously paid up to the amount of $1,500, even if incurred after the expiration of 10 weeks from the date of injury. See *Federal Ins. Co. v. Spooner,* 107 Ga. App. 175, 177 (129 SE2d 214). However, employer still insists that the board had no authority to deny credit in the award of February 15, 1965, for medical expenses paid without approval of the board.

*Code* § 114-501 provides: "In case of a controversy arising between the employer and the employee relative to the continuance of medical, surgical, hospital or other treatment, the State Board of Workmen's Compensation may order such further treatments as may in the discretion of the Board be necessary, within the limits of time and amount as set forth above.

"The Board may at any time upon request of an employee order a change of physicians or treatment and designate other treatment or another physician as suggested by the injured employee subject to the approval of the Board, and in such a case the expense thereof shall be borne by the employer upon the same terms and conditions as hereinbefore provided in this section for medical and surgical treatment and attendance."

"A determination of the amount of credits due could be made by the board under an appropriate application for a hearing on the question, pursuant to the provisions of *Code* § 114-715. This procedure would in no way have the effect of amending, varying or changing the award, but merely permits the application on the award of that credit which the law permits." *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369, 371 (126

SE2d 909). Payments of medical expenses without approval of the board were mere gratuities for which no credit could be taken by the employer. *Baggett Transportation Co. v. Barnes,* 109 Ga. App. 98, 100 (135 SE2d 343).

The award of the board, including the assessment of attorney's fees against the employer under *Code* § 114-712, was authorized.

2. Claimant's motion to assess additional attorney's fees is denied. This court has no authority to assess attorney's fees under *Code* § 114-712. *Dunn v. American Mut. Liab. Ins. Co.,* 64 Ga. App. 509, 514 (13 SE2d 902).

*Judgment affirmed. Frankum and Hall, JJ., concur.*