44386. ST. PAUL FIRE & MARINE INSURANCE
COMPANY et al. v. MINIWEATHER et al.

DEEN, Judge. 1. The wrongful death Acts, being statutory rather than common-law remedies, are strictly construed. *Bloodworth v. Jones,* 191 Ga. 193 (11 SE2d 658). Therefore, whatever may be the effect of *Code* § 105-1304 providing that a widow shall hold the amount recovered in a civil action for the death of the husband and father "as if it were personal property descending to the widow and children from the deceased" there is no right of any kind for children of the widow who are stepchildren of the deceased to participate in such a recovery.

2. On the other hand, minor unmarried stepchildren of a deceased employee under the Workmen's Compensation Act are treated as children and are presumed conclusively dependent upon their stepfather and as such are entitled to an award of death benefits under *Code* § 114-414.

3. The Workmen's Compensation Act constitutes a complete code of laws upon the subject of the rights and remedies of employers, employees, and their dependents. *Maloney v. Kirby,* 48 Ga. App. 252 (172 SE 683); *Maryland Cas. Co. v. Stephens,* 76 Ga. App. 723 (1) (47 SE2d 108). This court can neither rewrite the law nor hedge it about with restrictions not included in it. Accordingly, although the death of an employee covered by the Act is due to the negligence of a third-party tortfeasor, and although under *Code Ann.* § 114-403 the employer paying death benefits is entitled to the extent of the compensation paid to sub-

rogation in the event of recovery by one receiving a compensation award out of the sum collected from such third party, there is nothing in the Act which either compels a person otherwise entitled to benefits to make a claim for them (in which connection see *Zachery v. Royal Indem. Co.,* 80 Ga. App. 659 (56 SE2d 812)) or which allows the employer to make such person a claimant against her will, or allows the employer to claim subrogation rights against a stepchild or other person who, although entitled to an award of Workmen's Compensation benefits, is not entitled to and does not receive damages by virtue of the wrongful death statutes.

4. *Code* § 114-414, after providing that the wife and minor children (including stepchildren) shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee, reads: "If the deceased employee leaves a dependent surviving spouse, as above described, and no dependent child or children, the full compensation shall be paid to such spouse; if the deceased employee leaves a dependent surviving spouse, as above described, and also a dependent child or children, the full compensation shall be paid to such spouse for his or her use and that of such child or children, the State Board of Workmen's Compensation, however, to have the power in proper cases, in their discretion, to apportion the compensation; if the dependent surviving spouse dies before payment is made in full, the balance remaining shall be paid to the person or persons wholly dependent, if any, share and share alike."

Under this section we must decide whether, in a case where there is a wife who although living and eligible has elected to waive her claim for benefits, two minor stepchildren, and one other minor child not related to the deceased employee but as a matter of fact wholly dependent upon him for support, the benefits should be divided two or three ways. This fact situation does not fit neatly into any category set up by the statute; however, in *O'Steen v. Florida Ins. Exchange,* 118 Ga. App. 562 (162 SE2d 334) it was construed to mean that only the wife and children were "primary" dependents, and had priority in the payment of death benefits to the exclusion of all other or secondary dependents. While it is not so stated in the opinion, examination of the record in that case shows that the claimants, a woman and her two

children, were in fact living with and wholly dependent upon the employee at the time of his death, and that case is therefore controlling here. An infant stepgrandchild of the deceased, although living with and wholly dependent upon him, does not fall within the class of named "primary" dependents and was not entitled to participate in the award.

5. In this workmen's compensation case where the widow made no claim for benefits the total amount of the award must be shared between the two minor children (one of whom was found to be incapacitated). The infant daughter of another stepdaughter, however, was not entitled to participate. The fact that the widow had recovered a sum of money in settlement of a third-party right of action against the tortfeasor did not entitle the employer and its insurance carrier to compel her name to be added as a party claimant to the workmen's compensation proceedings against her will in order that it might enforce subrogation rights against her.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Eberhardt, J., concur.*

ARGUED APRIL 9, 1969—DECIDED MAY 1, 1969.

*Swift, Currie, McGhee & Hiers, Glover McGhee,* for appellants.

*McGahee, Plunkett & Benning, Keith W. Benning,* for appellees.