## 46610. MASON v. CITY OF ATLANTA.

EVANS, Judge. On August 8, 1966, an employee of the City of Atlanta was injured on the job, said injury arising out of and in the course of his employment. The employer was notified and immediately provided him with medical attention. He was out of work for two weeks and then returned to work on the same job. He continued in his employment for approximately two years without any further complaint and need for medical care and attention. No claim was filed during this time. In 1968, after a dispute with his supervisor, he was allowed to resign in good standing so he could take another job with the Board of Education of the City of Atlanta. The claimant contends that his back hurt him all during the two years, and he thought that the other job would be easier. Thereafter he was given a physical examination for the new job and because of his back injury he was not employed by the Board of Education. The claimant admitted he had not seen a doctor in regard to his injuries. The deputy director made a finding of fact that the claimant had received a back injury in August, 1966, was off from work approximately two weeks as a result of this accident, and that the claimant continued to work until 1968, when he left his job voluntarily to take another job with the city; and that by the admission of the claimant he did not cease work for any reason connected with his back injury, but rather, stopped work to take another position. Based on these findings the claim for workmen's compensation benefits filed on December 11, 1968, more than one year after the accident, was denied. *Held:*

1. Payments made to an employee in the absence of an approved agreement or award are mere gratuities and the board is not authorized to give either the employee or the employer credit for gratuitious payments made to the claimant in the absence of an approved agreement or award of the board. *Thomas v. Lumbermen's Mut. Cas. Co.,* 57 Ga. App. 434 (195 SE 894); *Baggett Transportation Co. v. Barnes,* 109 Ga. App. 98, 100 (135 SE2d 343). The mere payment of salary or wages did not establish an agreement by and between the parties as a pay-

ment in lieu of the prevailing compensation rate.

2. Since the claim for compensation must be filed with the State Board of Workmen's Compensation within one year after the accident under *Code* § 114-305, the claim for compensation in 1968 for an alleged accident occurring in 1966 comes too late. The board did not err in denying compensation, and the lower court did not err in denying the appeal.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED OCTOBER 6, 1971—DECIDED OCTOBER 20, 1971—
REHEARING DENIED NOVEMBER 15, 1971—

*Richard R. Kirby, William I. Aynes,* for appellant.
*Henry L. Bowden, Henry M. Murff,* for appellee.