## 51611. RELIANCE INSURANCE COMPANIES et al. v. RICHARDSON.

EVANS, Judge.

This is a workmen's compensation case. Claimant sustained a back injury on April 11, 1973. The last day of employment was April 15, 1973. The employer/insurer provided her with medical treatment, and an operation was performed on her spine. She was paid $65 a week for a period of 45 weeks, but no workmen's compensation agreement between them was ever executed and filed for approval with the State Board of Workmen's Compensation.

On January 15, 1974, the doctor who performed the surgery was of the opinion that she was able to return to work. She contended she was unable to work. The insurer applied to the Board of Workmen's Compensation for a change of condition and was advised that its application was premature.

Thereupon the insurer advised the claimant on

February 13, 1974, that her compensation was terminated immediately unless she could present facts showing liability on the part of the employer/insurer to continue to make compensation payments.

Claimant then filed her claim for workmen's compensation, and after the hearing, the deputy director found that her injury arose out of and in the course of employment, and he included all of the facts recited above in his findings of fact; and that the insurance carrier had acted in good faith in dealing with the claimant (no fraud or deception) and that the insurer was not aware there was no approved agreement by the Workmen's Compensation Board until the application for change in condition was filed. It was also found that the claimant was entitled to workmen's compensation of $65 per week from April 15, 1973, and continuing until January 15, 1974, "the day on which both doctors were of the opinion that she could return to work." The two doctors were claimant's doctor and the surgeon who operated on her. The deputy director further found that the employer/insurer is entitled to credit for the number of weeks the claimant has been paid compensation of $65 per week and that she experienced a change in condition for the better on January 15, 1974, and is no longer totally disabled.

On appeal to the full board, the award of the deputy director was approved by the board; but on appeal to the superior court, same was reversed, and the case remanded for the taking of additional testimony. The trial court's judgment held that the board had erred because:

(1) Money paid in the absence of approved agreement is a gratuity.

(2) Such gratuitous payments do not toll the statute of limitation from running on a claim. Forty-five weeks had passed and if the one-year statute of limitation had run, the insurer's liability would have been eliminated. Only an approved agreement would toll the statute of limitation.

(3) The insurer had not acted in good faith, as it contends its error was an oversight, and upon discovery of such oversight, it did not have executed or filed an agreement for approval by the board in accordance with

Code Ann. § 114-705. Instead, it notified the claimant that payment of compensation would be terminated unless the claimant proved to it (not to the board) that she was disabled.

(4) The finding of good faith is irrelevant, since neither the employer nor the employee is permitted to circumvent the law by taking advantage of payment in the absence of an approved agreement.

(5) If the agreement had been filed and approved, the burden of proof as to a change of condition would have been upon the employer/insurer and not, as it was in this case, upon the claimant.

(6) The board erred in its finding that both doctors were of the opinion that she could return to work.

(7) Claimant's doctor not only doubted that she was able to work (although he said she could try) but his testimony shows that in the future she might require an operation to determine whether the bone graft performed on her completely healed. This did not support a conclusion that disability terminated on January 15, 1974, or any other date.

The remand was for the purpose of taking further testimony as to whether the bone graft took and for further finding as to whether disability ended on January 15, 1974, in the light of full consideration of the other doctor's testimony incorrectly stated by the deputy director. Employer/insurer appeals. *Held:*

1. Payments made to an employee in the absence of an approved agreement or award are mere gratuities, and the board is not authorized to give either the employer or the employee credit for gratuity payments made to the claimant in the absence of an approved agreement or award of the board. *Attaway v. First Nat. Bank,* 49 Ga. App. 270 (175 SE 258); *Baggett Transp. Co. v. Barnes,* 109 Ga. App. 98 (2) (135 SE2d 343); *Baggett Transp. Co. v. Barnes,* 113 Ga. App. 58, 60 (147 SE2d 372); *Mason v. City of Atlanta,* 124 Ga. App. 849 (1) (186 SE2d 285). In Division 2, at p. 850 of the *Mason* case, supra, it is clearly stated that the board is without jurisdiction of the claim until same is filed, and if it is not filed within one year after the accident, under Code Ann. § 114-305, the board is without authority to grant compensation.

2. The finding that the claimant could return to work on January 15, 1974, was based on some competent evidence but was likewise based on an erroneous construction of the testimony of the claimant's doctor who failed to testify (although the board claimed he so testified) that he was of the opinion that the claimant could return to work.

3. No error is shown in the reversal of the board, nor in remanding the case for the purpose of correcting the errors made in the findings of fact in the award. *Aetna Ins. Co. v. Jones,* 125 Ga. App. 471 (1) (188 SE2d 180).

. 4. Appellant's third enumeration of error simply asserts that the board did not commit error; but appellant did not go that required step further and assert that the lower court *did commit error* in remanding and ordering the taking of further testimony. In this court, we are concerned with the question of whether the lower court committed error and unless appellant enumerates as error *the lower court's action* (not simply by asserting that the Board of Workmen's Compensation did not commit error), then we have nothing to consider on this point for failure of a proper enumeration of error.

5. For the reasons stated in Divisions 1, 2, and 3, above, the judgment of the lower court is affirmed.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JANUARY 6, 1976 — DECIDED FEBRUARY 17, 1976.

*Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Harold S. White, Jr.,* for appellants.

*George & George, William V. George, Lavinia George,* for appellee.