### 52529. SPRAYBERRY v. COMMERCIAL UNION INSURANCE COMPANY et al.

MARSHALL, Judge.

The question presented in this workmen's compensation case is whether an insurer may receive credit for payments made to an injured employee pursuant to the laws of another state which state did not have jurisdiction to authorize such payments.

Claimant was injured while working as an employee of Steadman Heating & Air Conditioning Company. Steadman's place of business is in Georgia and it does most of its work in Georgia, but it has a Tennessee mailing address and does work in Tennessee. The claimant is a

Georgia resident and the injury occurred in Chickamauga, Georgia, near the Tennessee state line. Claimant had worked for Steadman in Tennessee. Following his injury claimant was treated by physicians in Tennessee. Claimant began receiving weekly checks in the amount of $70 from Steadman's workmen's compensation insurer. The checks were sent pursuant to Tennessee's workmen's compensation laws (which benefits were less than claimant could have received under Georgia law). Claimant received and cashed these checks for nearly a year before he began to question the amount he was receiving. Just before the running of the one year limitation for filing a claim in Georgia, he retained counsel and made demand against the insurer, and, upon its being denied, filed a workmen's compensation claim under Georgia law. Claimant had received $3,570 in benefits up to that time.

The administrative law judge awarded the claimant full benefits under Georgia's workmen's compensation laws and denied the insurer's request for credit for the payments it had already made under Tennessee law. On appeal to the full board, the insurer was awarded credit for such payments. The board found that the payments were made in accordance with Tennessee law, were not gratuities, and were made in good faith; that the absence of jurisdiction in Tennessee was not known until the administrative law judge adjudicated that fact; that insurer was entitled to credit for monies already paid; and that insurer should not be assessed attorney fees for the reasons aforesaid. The superior court affirmed, and claimant appeals to this court.

Claimant contends that the board erred in finding that the insurer's payments were made "in accordance with Tennessee law" and in finding they were made in "good faith since it was not known that Tennessee did not have jurisdiction until the administrative law judge adjudicated that fact." Claimant further contends that the payments made were gratuities because made without any agreement or approved award, and that claimant was entitled to attorney fees because of the bad faith shown by the insurer. *Held:*

1. The board's finding that the claimant received

payments "in accordance with Tennessee law" is supported by evidence in the record in the form of a stipulation made by claimant's counsel that claimant had been receiving payments of $70 per week under the provisions of Tennessee law. Such evidence is competent and is sufficient to support the board's finding. Code § 114-710. See *Fox v. Hartford Acc. &c. Co.,* 130 Ga. App. 104 (1) (202 SE2d 568).

2. The finding of the board that the payments were made "in good faith" was made relative to the board's determination that claimant's attorney fees should not be assessed against the insurer. This finding is also supported by the record, for it is reasonable or at least arguable that Tennessee had jurisdiction over the claim. See Tenn. Code Ann. § 50-917 (which provides extraterritorial jurisdiction as to injuries occurring outside the state under certain circumstances). There is no evidence that the payments were made by the insurer to avoid paying the higher Georgia benefits, or to "lull" claimant into letting the one year statute run. An award of attorney fees may not rest upon pure speculation and conjecture. *Frith v. Liberty Mut. Ins. Co.,* 107 Ga. App. 285, 289 (129 SE2d 812). The issue contested by the insurer is not whether claimant is entitled to payments under Georgia law, but whether it is entitled to a credit for previous payments made. This issue is by no means a settled one. See Division 3, infra. "Attorney fees may not be awarded where the matter was closely contested on reasonable grounds. *Gulf Life Ins. Co. v. Moore,* 90 Ga. App. 791, 798 (84 SE2d 696)." *Pacific Employers Ins. Co. v. Peck,* 129 Ga. App. 439, 442 (200 SE2d 151). Attorney fees were properly denied in this case.

3. The critical issue in this case is whether the claimant is entitled to keep those benefits paid him by the insurer under Tennessee law as gratuities, or whether the insurer is entitled to a credit for them. Claimant cites several cases which propound the general principle that payments made to an employee in the absence of an approved agreement or award are mere gratuities. *Reliance Ins. Cos. v. Richardson,* 137 Ga. App. 678 (1) (224 SE2d 812); *Mason v. City of Atlanta,* 124 Ga. App. 849 (1) (186 SE2d 285). These cases, and others (See, e.g.,

*Hartford Acc. &c. Co. v. Snyder,* 126 Ga. App. 31 (9) (189 SE2d 919); *Thomas v. Lumbermen's Mut. Cas. Co.,* 57 Ga. App. 434 (195 SE 894); *Attaway v. First Nat. Bank,* 49 Ga. App. 270 (175 SE 258).) hold that payments made without an agreement or approved award do not toll the running of the one year statutory period within which a claim must be filed in Georgia. It is conceded that the payments made under the Tennessee statute in this case did not toll the running of the one-year filing period in Georgia, and had claimant not filed within that one-year period, the claim would have been barred. Code § 114-305. However, the question here is not whether the claim is barred by the statute, but whether the insurer in entitled to credit for payments made, *where a claim is timely made.* We believe that Code § 114-415 is authority for the board to allow such credit. It provides: "Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Title were not due and payable when made, may, subject to the approval of the State Board of Workmen's Compensation, be deducted from the amount to be paid as compensation: Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid and not by reducing the amount of the weekly payments." The allowance for such credit to the insurer is discretionary with the board. See *Davis v. Cobb County,* 106 Ga. App. 336 (2) (126 SE2d 710); *Dodgen v. St. Paul Fire &c. Ins. Co.,* 138 Ga. App. 499 (227 SE2d 64); Harrison Co. v. Norton, 244 Miss. 752 (146 S2d 327). This Code section does not limit the credit allowable to payments made to an employee only after an award has been made. See, e.g., *Davis v. Cobb County,* supra. The statute clearly allows credit for payments made to an employee "during the period of his disability," whether made before or after an award. To disallow such credit would permit double recovery and would be an injustice to the insurer and the premium-paying public. We do not foresee a danger of "lulling" claimants beyond the one-year period for filing, for such attempts by an insurer/employer would constitute fraud, and would toll the running of the statute. See *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (2) (121 SE2d 689); *Whelchel v.*

*American &c. Ins. Co.,* 54 Ga. App. 511 (188 SE 357).

To reach the above conclusion, we cannot avoid overruling *Reliance Ins. Cos. v. Richardson,* 137 Ga. App. 678, supra. This case holds that in the absence of an approved agreement or award, payments made to an employee are mere gratuities, for which "the board is *not authorized"* to give the employer/insurer credit. (Emphasis supplied.) See also dictum in *Mason v. City of Atlanta,* supra; *Baggett Transp. Co. v. Barnes,* 113 Ga. App. 58 (147 SE2d 372) and *Hennessee v. Jennings,* 48 Ga. App. 188 (3) (172 SE 583). Those cases rely on the cases wherein the statute of limitation had run on the claim and the board was without authority to award compensation. E.g., *Thomas v. Lumbermen's Mut. &c. Co.,* 57 Ga. App. 434, supra; *Attaway v. First Nat. Bank,* 49 Ga. App. 270, supra. The language borrowed from those cases, that voluntary payments made by the employer/insurer prior to an award were mere gratuities and did not toll the running of the statute, really has no bearing on the question of the board's *authority* under Code § 114-415, to allow credits for voluntary payments where the claim *is* filed within the statutory period. For these reasons *Reliance Ins. Cos. v. Richardson,* 137 Ga. App. 678, supra, is overruled, and language in the other cases to the contrary is disapproved. *Baggett Transp. Co. v. Barnes,* 109 Ga. App. 98 (135 SE2d 343), is distinguishable in that there this court held that the board *"did not err in failing* to give the employer credit." This is not a holding that the board was not *authorized* to give credit, as was stated in *Reliance,* supra.

*Judgment affirmed. Bell, C. J., Deen, P. J., Clark, Stolz, Webb and Smith, JJ., concur. Quillian and McMurray, JJ., dissent.*

Argued September 7, 1976 — Decided November 22, 1976 — Rehearing denied December 15, 1976 —

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellant.

*Savell, Williams, Cox & Angel, John M. Williams, Cullen Hammond,* for appellees.

McMURRAY, Judge, dissenting.

This case involves solely the question of whether payments received by the employee which were paid to him, not with the approval of the Georgia Board of Workmen's Compensation but as stipulated, under the provisions of the Tennessee workmen's compensation law, during some 10 months before the Georgia claim was filed, should be credited towards the award paid by the Georgia Board of Workmen's Compensation.

The administrative law judge, after hearing all the facts and circumstances including the stipulations of the parties that the accident *arose out of* and *in the course of his employment, both employer and employee being located in Georgia, the employee hired to work in Georgia and who lived in Georgia,* held that since there were no approved agreements, stipulations, awards or orders of record with the Georgia State Board of Workmen's Compensation, all payments made under the provision of the Tennessee law were obviously not applicable to the case under consideration, and since there was no attempt whatsoever to comply with the Georgia law, the insurer, as a matter of fact, was not entitled to credit for the sums paid. He likewise found that the failure to comply with the Georgia workmen's compensation law was without justification; hence, the cost of the hearing and reasonable attorney fees should be assessed against the insurer.

On appeal to the full board it was held that the payments made under the Tennessee law were made in good faith, hence, the employer/insurer should not be assessed a penalty and attorney fees. The board's conclusions of law were that Tennessee did not have concurrent jurisdiction over this claim and Tennessee had no jurisdiction. See in this connection Code § 114-411 as to dual compensation for accidents which provides for one maximum payment.

But the board declined to follow what I consider applicable Georgia decisions, and it held that justice would not be served if the employer/insurer were not given credit for payments made under the Tennessee law and it authorized credit for the funds made under the provisions of the Tennessee law against accrued compensation. The majority of the board affirmed with

one dissent, the dissenting director agreeing with the award of the administrative law judge. The superior court affirmed, and the claimant appeals.

The majority here finds in Divisions 1 and 2 of the opinion that the evidence of payments under the provisions of the Tennessee law as stipulated was competent and sufficient to support the board's finding; that the payments were made in good faith, hence, the penalty and attorney fees should not be assessed.

In Division 3 it re-affirms Georgia decisions which hold that payments made without an approved agreement of the Georgia Board of Workmen's Compensation do not toll the running of the one-year filing period as a statute of limitation in bar of a claim, but it then upholds the allowance of credit by the board (affirmed by the lower court) as being discretionary with the board as same would be an injustice to the insurer "and the premium-paying public." In doing so it seeks to overrule and distinguish certain cases. It also finds language in others to be dictum.

The majority reaches this conclusion by holding that Code § 114-415 as to "payments not due when made," apply to all payments other than a gratuity even if not approved by the board, or payable before a claim is made. Code § 114-415 refers to payments made by the employer to the injured employee during the period of his disability, "which by the terms of this Title were not due and payable when made, may, subject to the approval of the State Board of Workmen's Compensation, be deducted from the amount to be paid as compensation." The majority thus construes this language to mean the board may consider any payments made and such credit of payments made or advanced by the employer to the injured employee is discretionary with the board.

I cannot agree with this interpretation of this Code section as determined by the majority, nor do I agree that the cases which the majority seek to overrule should be overruled and the language found in the other cases therein discussed can be distinguished and/or should be disapproved. It is my opinion that these cases are correct and should be followed. I therefore dissent.

1. I agree with the majority in its ruling in Division 2

that the board was *authorized* to find the money here was paid in good faith, and the board did not err in refusing to award or assess any penalty or attorney fees against the insurer. However, this same evidence was sufficient for the administrative law judge to award the penalty and attorney fees.

2. I do not agree, however, with the language in Division 2 that there is no evidence that the payments were made by the insurer to avoid paying the higher Georgia benefits, or to "lull" claimant into letting the one-year statute run by paying the lesser amounts. A finding to this effect would have been authorized by the evidence as the administrative law judge so found. Had the one-year statute run, any claims of the employee would have been barred.

The act of making these payments could be found to amount to an inference to lull claimant not to make a Georgia claim and could be considered as presumptive evidence, that is, consisting of an inference "drawn from human experience from the connection of cause and effect, and observations of human conduct," which would have authorized a fact finder to have found they were made for the purpose of avoiding the higher Georgia payments and "lulling" the employee into not filing a claim in Georgia during the year following his accident. See Code § 38-102; *Georgia R. &c. Co. v. Harris,* 1 Ga. App. 714 (1) (57 SE 1076). The triers of fact here would have been authorized to use their experience as enlightened men in weighing this evidence as to the intentions of the insurer under all the facts and circumstances of the case. *Hilburn v. Hilburn,* 163 Ga. 23 (2, 3) (135 SE 427); *Radcliffe v. Maddox,* 45 Ga. App. 676, 682 (165 SE 841).

3. Further, I do not agree to the reasoning of the majority in Division 3, to the overruling, distinguishing and disapproving of certain cases, and to the affirmance of the entire judgment. Too much water has gone over the dam for us, at this late date, to piece-meal attempt to re-construe the workmen's compensation law so as to do substantial justice. If this court were free to reason this case to a logical conclusion, free of past decisions, certainly, we could hold that Code § 114-415 applied to all payments by the employer to the employee, that is, under

a mistake of fact, or as to gratuitous, voluntary or benevolent payments, and hold the board had a discretion as to the allowance of credit. But at the same time we would also have to construe the law and hold that such payments were made within the purview of the workmen's compensation law so as to prevent the one-year statute of limitation from running. See Code § 114-305. Here, the majority seek only to "piece-meal" change the construction of the law so as to broaden the scope of payments (Code § 114-415) in favor of the employer/insurer, yet leave them free to claim, after one year, and no claim having been properly filed with the board, that it was no longer liable to the employee for any payments employer/insurer had theretofore agreed to pay. I submit that if these cases which the majority seek to overrule and distinguish are thus distinguished, disapproved and overruled, then such cases as *Attaway v. First Nat. Bank,* 49 Ga. App. 270 (1) (175 SE 258), should likewise be overruled, for if a payment, gratuitous, voluntary or through mistake of fact or law is made by the employer/insurer and is considered to be a payment under the workmen's compensation law, the compensation law should become effective at the time of such payment, and there could be no running of the limitation as such payments could be credited to the employer/insurer who has thus submitted to the claim of workmen's compensation of the employee. Such is not the holding by this court here.

But looking at the older decisions here sought to be distinguished, overruled and disapproved, I feel that the workmen's compensation law has, in the past, been properly construed, and we are bound to follow these decisions. In my opinion, the majority loses sight of the cardinal rule of construction of the workmen's compensation law, which is in derogation of the common law requiring strict construction, yet it is to be liberally construed "in order to effect its beneficent purpose." See *Holcombe v. Fireman's Fund Ins. Co.,* 102 Ga. App. 587, 591 (116 SE2d 891), and cits. And as stated in *St. Paul Fire &c. Ins. Co. v. Miniweather,* 119 Ga. App. 617 (3) (168 SE2d 341) and cits., this law (workmen's compensation) constitutes a complete code of laws upon the subject of the

rights and remedies of employers, employees, and their dependents. Consequently, the board, the superior court and the majority here, have, in trying to do justice and equity, sought to award the employer/insurer credit for payments made outside the Georgia workmen's compensation law, incidentally, while the one-year statute of limitation was running against the employee who had filed no Georgia claim, under the guise of preventing "an injustice to the insurer and the premium-paying public." The board is not to be concerned with the "premium-paying public" or to do justice and equity. It is not a court of law, concerned with justice, equity, set-offs, or contract claims. *City of Hapeville v. Preston,* 67 Ga. App. 350 (2) (20 SE2d 202). It's only concern is with the workmen's compensation law and its application to facts. In *St. Paul Fire &c. Ins. Co. v. Miniweather,* 119 Ga. App. 617 (3), supra, this court held it could not "rewrite the law nor hedge it about with restrictions not included in it." We are only concerned with the application of the law as written.

In my opinion the statute: *"Payments not due when made,"* applies solely to payments made under the workmen's compensation law, not voluntary, gratuitous, benevolent, or payments made under a mistake of fact (emphasis supplied). Whether or not the employer/insurer could recover these payments in a court of law or equity is not for decision here, and neither the board nor lower court should have been concerned with this question but only with the application of the law to the facts. Indeed, Code § 114-415 (formerly § 41 of the original statute) has been made a part of the 1933 Code, Ch. 114-4: *"Amount, Computation, and Payment of Compensation,"* which clearly refers to workmen's compensation payments, not other payments. Certainly, earlier payments that are voluntary, benevolent, gratuitous or paid under a mistake of fact or law before a claim is instigated cannot be considered as compensation. The law clearly states that settlements shall be encouraged (Code § 114-106, as amended, see Ga.L. 1975, pp. 190, 192), but they must be approved by the board and be within the bounds of the workmen's compensation law. Once settled and approved, an agreement has the force

and effect of a judgment until modified in accordance with the statute. *Columbia Casualty Co. v. Whiten,* 51 Ga. App. 42 (179 SE 630); *Wiley v. Bituminous Cas. Co.,* 76 Ga. App. 862, 863 (3) (47 SE2d 652). An agreement made in Tennessee which was not approved by the Georgia board under Code § 114-106, supra, cannot become a payment under the Georgia statute retroactively when a claim is filed. Only under Code § 114-411 can dual compensation be considered, and this provision of the law does not apply here. To protect themselves, the employer/insurer should have approached the Georgia board with this agreement for determination when made and not waited until almost one year later, when a claim is filed, just barely within the limitation period, to seek credit for such payments.

Clearly, the payments made must be under the statute, and if no claim was filed, these payments cannot be considered as payments under the statute. In *Porter v. Liberty Mutual Ins. Co.,* 46 Ga. App. 86 (166 SE 675) the filing of the claim at least one year from date of the accident "is an essential ingredient in order to give the board jurisdiction," the law being in derogation of the common law.

A medical payment made where no claim was filed, was held not to be a settlement of any kind in *Thomas v. Lumbermen's Mut. Cas. Co.,* 57 Ga. App. 434, 437 (195 SE 894). Similarly in this case, as so suggested by the majority, had the one-year statute of limitation expired, no claim would be allowed. A settlement becomes an award only when approved by the board. A payment in no way constitutes or creates jurisdiction within the board unless the board takes it under consideration as a claim by approving it, or otherwise. See *Whelchel v. American &c. Ins. Co.,* 54 Ga. App. 511 (188 SE 357).

Once a claim is established, Code § 114-415 gives recognition to the right of the board to approve excess emergency payments made prior to any request for an adjudication on account of total or partial loss of use of a member. See *Fidelity &c. Co. v. Leckie,* 52 Ga. App. 591, 593 (183 SE 642). In *Leckie* a memorandum agreement was approved by the board, and then because of dire need, additional funds were advanced to the claimant. This is a

classic case for which Code § 114-415 was intended. This is also true in the case of *Dodgen v. St. Paul Fire &c. Ins. Co.,* 138 Ga. App. 499 (227 SE2d 64).

Again, as shown in *Ingram v. Bituminous Cas. Corp.,* 109 Ga. App. 87 (134 SE2d 861) an original approved agreement to pay compensation had been made, and an application was made for a change of condition. The case was remanded with direction that an award be made as of that date as to disability, if any, and employer/insurer would be entitled to credit on such award for any payments of compensation already made in excess of the amount due the claimant under the original award by the board in applying Code § 114-415.

In *Baggett Transp. Co. v. Barnes,* 109 Ga. App. 98 (2) (135 SE2d 343), this court held that there must be an approved agreement or an award, otherwise the one-year limitation is not tolled; nor could any credits be taken for payments before the order, approved agreement or award. The *Baggett* case is based on *Attaway,* 49 Ga. App. 270, supra, *Hapeville v. Preston,* 67 Ga. App. 350, supra, *Thomas v. Lumbermen's Mut. &c. Co.,* 57 Ga. App. 434, supra, and likewise *Hennessee v. Jennings,* 48 Ga. App. 188 (3) (172 SE 583) wherein payments made without an approved agreement are discussed.

In *Baggett Transp. Co. v. Barnes,* 113 Ga. App. 58, 61 (1) (147 SE2d 372), this court approved the *Baggett* case by holding unapproved medical payments to be gratuities and citing it as authority. This case would also have to be disapproved and overruled along with *Baggett, Mason v. City of Atlanta,* 124 Ga. App. 849 (186 SE2d 285), and *Reliance Ins. Cos. v. Richardson,* 137 Ga. App. 678 (224 SE2d 812). These cases require no further discussion since they are all based on the *Baggett* case which the majority seeks to distinguish.

The majority also cites *Davis v. Cobb County,* 106 Ga. App. 336 (126 SE2d 710), as to the board exercising its discretion in determining whether payments made by the employer may be deducted from the award. In *Davis* the board determined that the employer, Cobb County, was guilty of fraud which tolled the statute of limitation by informing the employee on numerous occasions that Cobb County was not covered by workmen's compensation.

Cobb County had continued the employment of this employee on the payroll for approximately 17 months ($150 per month) after the accident. This employee was also allowed to sell scrap — estimated at $50 per month from the dump and received his regular salary of $150. The employee also died before receiving any workmen's compensation payments.

This court remanded for further findings of fact and directed the board to exercise its discretion under Code § 114-415 with reference to the payments made to the employee. When a claimant is paid his regular wages during the time he is unable to work, he cannot collect workmen's compensation. *Castle v. Imperial Laundry &c. Co.,* 62 Ga. App. 184, 187 (8 SE2d 547).

It is my view that the *Davis* case is neither helpful nor harmful to a decision here since it apparently reached the correct results. But also note that the statute of limitation was tolled for 17 months during which period the employee was paid his regular salary. This case is not applicable here.

For the foregoing reasons, I respectfully dissent from the opinion seeking to distinguish, overrule and disapprove various cases, inasmuch as I am in full agreement with them.

I would reverse the judgment and remand the case back to the lower court with direction that the case be remanded to the board with instruction to reinstate the findings and conclusions of the administrative law judge, but strike the penalty and attorney fees awarded.