42387. TURNER v. TRAVELERS INSURANCE COMPANY et al.

DEEN, Judge. 1. On the hearing of this workmen's compensation case on change of condition (the original agreement having been on a basis of total disability) the hearing director entered an award to pay compensation under *Code Ann.* § 114-406(m) for 30% loss of use of claimant's left arm. Claimant originally suffered multiple injuries, but testified on the hearing that she would be able to return to certain kinds of work except for loss of use of her hand. There was no opinion evidence showing disability to the body as a whole. As to the percentage of disability which was awarded effective May 27, 1964, the following medical evidence appears: Dr. Clark last examined the claimant October 5, 1964, and found no disability; Dr. McCravey last saw the claimant May 11, 1964, and found no objective basis for her complaints, adding that very likely the use of the left hand would gradually improve and that the hand would lose much of its soreness and pain with no permanent disability; Dr. O'Conner last saw the claimant on January 23, 1965, and found a 100% disability to the left arm, and Dr. Thompson thought, as of April 16, 1965, that she had no permanent disability. We cannot say that the percentage of disability

found is without any evidence to support it merely because it does not exactly coincide with the opinion of any witness. It is within the range of all the evidence. For similar cases in which an award of percentage of disability was sustained as against the same contention see *Howard v. Murdock*, 83 Ga. App. 536 (1) (64 SE2d 221); *Fulton Bag &c. Mills v. Speaks*, 90 Ga. App. 685 (83 SE2d 872). "While competent expert testimony is entitled to great weight, it is not so authoritative that either court, jury, or commission is bound to be governed by it, since it is advisory merely and intended to assist them in coming to a correct conclusion." *Continental Cas. Co. v. Bennett*, 69 Ga. App. 683, 688 (26 SE2d 682) quoting *Blanchard v. Savannah River Lumber Co.*, 40 Ga. App. 416, 424 (149 SE 793), and see *American Motorists Ins. Co. v. Blaylock*, 84 Ga. App. 409 (66 SE2d 126). Where the question at issue is the degree of disability, either to the claimant's whole person or to a specific member, an award is not unsupported by evidence where the trior of fact arrives at a specific percentage of disability from all of the evidence in the case, although each of the various witnesses testified either that the arm was totally disabled or completely cured, as he may be authorized to infer from all of the facts, including the fact that he has seen the claimant and observed her on the stand, that the truth, as often happens, lies somewhere between these extremes.

2. Hearings before the Board of Workmen's Compensation are summary in character, and niceties of pleading are not required. It is to the interest of both employer and employee, when the case is being heard, to get to the merits and receive an award in accordance therewith. The fact that the insurer merely requested that its letter dated May 25, 1964, be considered as an application for hearing, without specifically designating the relief sought by it, does not deprive the board of jurisdiction to receive evidence and enter an award finding a change of condition.

3. It will be observed that the original agreement to pay compensation was entered into on April 7, 1964, and the hearing was held July 29, 1964. Some of the medical evidence introduced dealt with the employee's injury and condition immediately subsequent thereto, but all of the doctors expressed opinions as to her condition at the time of their last examination, although some of these antedated the request for

hearing and some followed it. All of the evidence introduced on this question was pertinent and relevant to the questions of permanent disability and maximum improvement, and all of it was properly considered in making the award. *Wilson v. Swift & Co.*, 68 Ga. App. 701 (23 SE2d 261); *American Mut. Ins. Co. v. Grimes*, 100 Ga. App. 51 (109 SE2d 837).

4. Where the evidence showed that the claimant had suffered temporary total disability as a result of an accident, and thereafter the disability was confined to her arm, an award finding a change of condition, discontinuing disability payments under *Code Ann.* § 114-404, and finding a percentage of disability under *Code Ann.* § 114-406 may be authorized if the facts support such a finding, and the fact that the original agreement to pay compensation, drawn up by the employer, describes the original injury as a "bruised calf of left leg" does not render it res judicata that there was no total disability resulting from multiple injuries, or that there was no permanent disability to a member other than that described in the form. See *General Motors Corp. v. Bowman*, 107 Ga. App. 335 (1) (130 SE2d 163).

5. The appellant enumerates error on the judgment of the Judge of the Superior Court of Walker County on the ground that it affirms an award of the State Board of Workmen's Compensation which was not authorized by the evidence. This is a sufficient assignment of error. The motion to dismiss the appeal is without merit.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED NOVEMBER 7, 1966—DECIDED NOVEMBER 15, 1966—
REHEARING DENIED DECEMBER 2, 1966.

*Wade H. Leonard*, for appellant.
*Mitchell & Mitchell, D. W. Mitchell, Jr.*, for appellees.

