49547. FIDELITY & CASUALTY COMPANY OF NEW YORK et al. v. SINGLETON.

BELL, Chief Judge.

The claimant in this workmen's compensation case originally received compensation for a fracture of his pelvis in 1971. He later executed a termination agreement and returned to work. In 1973, he requested a change of condition hearing in order to establish entitlement to a specific member impairment, the right leg. At the hearing, the testimony of two physicians was received. One testified that claimant had no residual impairment or disability to his leg. The other testified that the claimant had a 30% loss of use of the right leg. The deputy director found as a fact a 30% loss of use of the right leg and made an award of compensation under Code Ann. § 114-406 (o). On review before the full board, the finding of fact and the award were amended by reducing the percentile of disability to 20%. The superior court set aside the award of the board on the ground that the evidence of record was void of any sufficient competent evidence which would authorize the full board's amendment reducing the award. *Held:*

This case is controlled by our decision in *Turner v. Travelers Insurance Co.,* 114 Ga. App. 729 (152 SE2d 783). In *Turner,* the medical evidence with respect to the loss of use of claimant's arm ranged from zero percent by some of the examining physicians to 100% by another; and an award based on 30% loss of use was made. We affirmed holding that the award was within the range of the evidence and that it could not be said that the percentage of disability found was without evidence to support it merely because it did not exactly coincide with the opinion of any witness. This case and *Turner* cannot be distinguished. The amended finding of 20% loss of use and the award here were thus authorized by the evidence and the superior court erred in setting it aside. We

reverse and direct that the superior court enter a judgment affirming the award of the full board.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED JULY 1, 1974 — DECIDED OCTOBER 2, 1974 — REHEARING DENIED OCTOBER 16, 1974.

*Charles L. Drew,* for appellants.

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr.,* for appellee.