## 65328. DAVIS v. GENERAL MOTORS CORPORATION.

POPE, Judge.

The appellant Davis in this workers' compensation case received benefits under OCGA § 34-9-263 (formerly Code Ann. § 114-406) for a 10% permanent partial disability to his left leg arising from an injury which occurred on March 27, 1979. After Davis returned to work, General Motors received reports from his treating physician on three different occasions confirming this 10% rating, the last being on November 3, 1980. Davis was subsequently examined by two additional orthopedic surgeons of his choice, who indicated respectively that he had a 15% and 16% permanent partial disability of the leg. Davis was also examined by his family physician who stated that at the time he saw Davis the leg was 50% disabled; that he did not know if the motion limitation was permanent; and that the injury was possibly remedial with exercise or physical therapy. Davis also testified that he had a 50% loss of use of the leg.

Upon Davis' application for a change in condition, the Administrative Law Judge awarded him 15% permanent partial disability based on these reports. On appeal the full Board, with one dissent, made the findings of the ALJ its findings except that the percentage of disability was increased from the original 10% to 50%. In its de novo review of the evidence the Board based this increase on Davis' testimony and the deposition of his personal physician. General Motors appealed that award to the superior court which reversed, finding that there was no evidence in the record to support the increase in the award. This appeal is from the judgment

remanding to the Board for further proceedings.

Since there clearly was some evidence from which a 50% disability could have been found, the trial court's reversal of the full Board's award was apparently predicated upon the theory that there was no evidence to support a finding that the 50% disability was *permanent.* However, the rule is well-fixed "that proof that an existing incapacity is permanent is not necessary to support an award for either loss of earning capacity or loss of use of a specific member. The reason for these decisions appears from the opinions to be that any award is subject to change upon a request for hearing based on change of condition as provided for by the [Workers'] Compensation Law." *Davis v. Cobb County,* 106 Ga. App. 336, 338 (126 SE2d 710) (1962).

Furthermore, it cannot be said "that the percentage of disability found is without any evidence to support it merely because it does not exactly coincide with the opinion of any witness. It is within the range of all the evidence. [Cits.] 'While competent expert testimony is entitled to great weight, it is not so authoritative that either court, jury, or commission is bound to be governed by it, since it is advisory merely and intended to assist them in coming to a correct conclusion.' [Cits.] Where the question at issue is the degree of disability, either to the claimant's whole person or to a specific member, an award is not unsupported by evidence where the [trier] of fact arrives at a specific percentage of disability from all of the evidence in the case. . . ." *Turner v. Travelers Ins. Co.,* 114 Ga. App. 729 (1) (152 SE2d 782) (1966); *Fidelity & Cas. Co. v. Singleton,* 133 Ga. App. 31 (209 SE2d 684) (1974).

"A finding of fact by the board, when supported by any evidence, is conclusive and binding upon the court, and a judge of the superior court does not have authority to set aside an award based on those findings of fact. [Cits.] Thus it was error for the superior court to reverse the award." *Banks v. Royal Globe Ins. Co.,* 160 Ga. App. 18 (286 SE2d 309) (1981).

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

Decided April 4, 1983 —
Rehearing denied April 27, 1983.

*Robert L. Husby, Jr.,* for appellant.
*Gordon A. Smith, William A. Clineburg, Jr., Benjamin G. Estes,* for appellee.