### 68605. BLEVINS v. ATLANTIC STEEL COMPANY.
(323 SE2d 861)

McMURRAY, Chief Judge.

This is a workers' compensation case. The claimant employee was paid workers' compensation by his employer after he received an injury to his left eye. It affected his vision in the other eye. At that particular point in time he was earning $509 average weekly wage.

The employer put him back to work making $301 at a different job (payroll clerk) at diminished earnings and reduced his payments to permanent partial disability of 10% to his right and left eye (specific member injury) by reason of a letter the employer received from claimant's doctor. The doctor determined that diplopia occurred in "upgaze," and "the average person spends approximately 10% of their waking hours in upgaze," hence the doctor's valuation that claimant had "a 10% disability to both eyes" as a result of the injury to his left eye. Needless to say, the parties were in disagreement as to the amount he was receiving, and a change of condition hearing was held.

The administrative law judge determined that even though the doctor had determined a 10% loss of use in the left and right eyes due to a condition of double vision (diplopia) amounting to a permanent partial disability, nevertheless he still was suffering an economic loss under former Code Ann. § 114-405, as amended (now OCGA § 34-9-262), inasmuch as he still was not making the amount of money that he was prior to his injury, holding he was entitled to a weekly benefit of $80 and the employer was premature in beginning to pay him under former Code Ann. § 114-406, as amended (now OCGA § 34-9-263) (member disability, permanent loss of vision), his disability being partial in character but temporary in quality, the claimant being a young man, highly motivated to rehabilitate himself to the labor market and through training and over a period of years could eventually increase his average weekly wage which conceivably could reach his original salary of $509 per week; that is, he had not reached maximum improvement regardless of the medical rating of a 10% loss of permanent use of his right and left eyes due to the double vision (diplopia).

The board made the award of the administrative law judge its award.

However, on appeal to the superior court that court determined there was no evidence in the transcript or record upon which the administrative law judge could determine that the specific member in-

jury to the left eye was temporary in quality, therefore, the finding was not supported by the evidence, contrary to all evidence and reasonable inferences, and the court reversed and remanded the case.

We granted the claimant a discretionary appeal in which he contends the superior court has misconstrued the evidence and that under the any evidence rule the board was correct. *Held*:

It is clear the doctor did find there was a 10% loss of vision in the claimant's eye due to double vision (diplopia) which the medical expert considered permanent and not likely to improve on its own. However, there was other evidence that the claimant may regain his former earning capacity and certainly with vocational training he might be able to enter related fields and regain his economic capacity. The superior court agreed that the board's (the senior administrative law judge) determination was correct that the disability was "partial in character," but contended there was no evidence that it was "temporary in quality," the eye having reached "maximum medical improvement." We disagree.

The Code section in question is midway between "total [former Code Ann. § 114-404, as amended (now OCGA § 34-9-261)] disability" and "permanent partial [Code Ann. § 114-406, as amended (OCGA § 34-9-263)] disability," and involves both economic and medical evaluation. Here the board (the senior administrative law judge) considered other factors such as age, vocational rehabilitation, the enthusiasm and desire of the claimant to advance himself economically in the labor market, hence "claimant has not reached maximum improvement and continues to suffer an economic loss," thus determining that he should be paid under the provisions of former Code Ann. § 114-405, as amended (OCGA § 34-9-262) for temporary partial disability "resulting from [an] injury [that] is partial in character but temporary in quality." Medical evidence alone does not control, and even so, as expert testimony it was for the fact finder (the board) to weigh same, review it in its context based upon the substantive evidence upon which it is based, believe it in whole or in part or reject it in favor of other evidence. *Holmes v. Harden*, 96 Ga. App. 365, 372 (100 SE2d 101); *Baldwin v. Ga. Automatic Gas Co.*, 85 Ga. App. 767, 780 (5) (70 SE2d 108); *Miller v. Dean*, 113 Ga. App. 869, 870 (1) (150 SE2d 191); *Continental Cas. Co. v. Bennett*, 69 Ga. App. 683, 688 (26 SE2d 682); *American Motorists Ins. Co. v. Blaylock*, 84 Ga. App. 409 (66 SE2d 126). Compare *Shea v. Phillips*, 213 Ga. 269 (98 SE2d 552). See also *Savannah Valley Production &c. Assn. v. Cheek*, 248 Ga. 745 (285 SE2d 689). Accordingly, under the any evidence rule we agree with the board and disagree with the superior court.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

*John W. Jonap, James J. Long*, for appellant.
*Scott R. Owens*, for appellee.