### 73217. STATE OF GEORGIA et al. v. BIRDITT.
(352 SE2d 203)

McMurray, Presiding Judge.

This is a workers' compensation case. Claimant, a nurse, was attacked by a patient at the Georgia Regional Hospital on November 13, 1984. She sustained head injuries, including a skull fracture.

Claimant returned to work approximately two weeks after she was injured. She was paid her salary in lieu of weekly income benefits for the time which she missed from work. Claimant's medical expenses were paid by the employer.

After returning to work, claimant continued to experience various problems, including stuttering, loss of memory, loss of concentration and sluggishness. On February 28, 1985, claimant's physician, a neurologist, opined: "At the present time she has a ten percent disability range to the body as a whole because of the after effects of her post concussion syndrome, difficulty with short and long term memory, stuttering speech and visual field defect to the right." He added: "It may be that her difficulty will improve in the future. This is difficult to be certain of and post concussion headaches of the type that she suffers from of such a severe nature take six to nine months to totally improve."

Because claimant had returned to work and was no longer receiving temporary income benefits, she requested a hearing to determine whether she was entitled to receive permanent partial disability benefits. Following a hearing, the administrative law judge in his finding of facts found: "Claimant seeks permanent partial disability benefits based upon the February 28, 1985, report of [her physician]. It is obvious from reading [the physician's] report that at least six to nine months should pass before considering whether or not maximum improvement has been reached. Only three months had gone by when the report was requested from him in February of 1985." Based upon his finding, the administrative law judge concluded that "claimant's injuries have not reached maximum improvement so as to be able to qualify as being permanent in quality." Accordingly, claimant's claim for permanent partial disability benefits was denied as being premature. In addition, attorney fees were assessed against claimant on the ground that she prematurely and unnecessarily requested the hearing.

Claimant appealed to the full board. Additional medical evidence was submitted by the employer. This evidence consisted of a September 20, 1985, report from claimant's physician. He stated: "I evaluated [claimant] for her last visit on July 17, 1985 . . . [S]he only had a minimal problem with forgetfulness . . . She was having minimal headaches. Her CT scan was within normal limits . . . My anticipation is that she will be totally recovered within two to three months and I do not believe that she will have any recognizable disability at

that point . . . In the interval since her injury, she has had a partial disability rating of 10% to the body as a whole because of mental after-effects of her concussion and because of the headaches which she is suffering from, but I believe that in the long run, she will not have a permanent disability, at least based on the evaluation of her problem at the present time."

The full board, "[u]pon de novo consideration of all evidence," made "the findings and conclusions of the administrative law judge its findings and conclusions." (One member dissented with regard to the assessment of attorney fees.) Claimant appealed to the superior court.

Holding that the full board employed an erroneous legal theory, the superior court reversed. The superior court was of the opinion that "maximum improvement" need not be demonstrated in order for a claimant to receive permanent partial disability benefits. The opinion of the superior court was based upon *Davis v. Gen. Motors Corp.*, 166 Ga. App. 401 (304 SE2d 402), in which it was said: "[T]he rule is well-fixed 'that proof that an existing incapacity is permanent is not necessary to support an award for either loss of earning capacity or loss of use of a specific member. The reason for these decisions appears from the opinions to be that any award is subject to change upon a request for hearing based on change of condition . . .' *Davis v. Cobb County*, 106 Ga. App. 336, 338 (126 SE2d 710) (1962)." Id. at 402.

Following the ruling of the superior court, the employer sought a discretionary appeal. We granted the employer's application. *Held*:

Temporary partial disability is a disability "partial in character but temporary in quality." OCGA § 34-9-262. A finding of temporary partial disability necessarily involves both medical and economic considerations. *Blevins v. Atlantic Steel Co.*, 172 Ga. App. 557, 558 (323 SE2d 861). Permanent partial disability, on the other hand, is a disability "partial in character but permanent in quality." OCGA § 34-9-263. A finding of permanent partial disability involves actual physical impairment, i.e., "loss or loss of use of body members or from the partial loss of use of the employee's body." OCGA § 34-9-263.

As the name implies, permanent partial disability requires a finding of permanency — the loss must be "permanent in quality." OCGA § 34-9-263. In the case sub judice, the board found that claimant's injuries were not "permanent in quality" since claimant did not reach maximum improvement. This finding was most appropriate in view of the medical evidence. (Indeed, the evidence demonstrates that claimant's injuries were merely temporary in quality.) And the superior court should have yielded to the board's finding on this question.

The superior court's reliance upon *Davis v. Gen. Motors Corp.*, 166 Ga. App. 401, 402, supra, is misplaced. That case merely stands

for the proposition that an award of permanent disability benefits is subject to change. (After all, a permanent disability prognosis can only be made with a reasonable degree of medical certainty.) But *Davis v. Gen. Motors Corp.*, 166 Ga. App. 401, supra, cannot be interpreted as eliminating the "permanent in quality" requirement set forth in OCGA § 34-9-263.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 18, 1986 —

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Jr., Senior Assistant Attorney General, Susan L. Rutherford, Assistant Attorney General, A. Cullen Hammond*, for appellants.

*David M. Moskowitz*, for appellee.