A91A0860. CONWOOD CORPORATION et al. v. GUINN.
(410 SE2d 315)

COOPER, Judge.

This is the third appearance of this workers' compensation case before this court. In the first appearance, *Guinn v. Conwood Corp.*, 185 Ga. App. 41 (363 SE2d 271) (1987), we reversed the superior court, which had denied Georgia-based coverage, and directed that the case be remanded to the State Board of Workers' Compensation to determine the principal locality of the employment relationship. After the case was remanded, the board, without hearing evidence, entered an order finding that the locality of claimant's employment was in Georgia and that the board had jurisdiction of the appeal. The

superior court affirmed the board's order, and in the second appearance of the case in this court, we dismissed the appeal and held that since the board's ruling on the issue of jurisdiction did not constitute a final order or judgment within the meaning of OCGA § 34-9-105 (b), the superior court was without jurisdiction to entertain the appeal. *Conwood Corp. v. Guinn*, 190 Ga. App. 595 (379 SE2d 621) (1989). The superior court then remanded the case to the board, which remanded the case to the administrative law judge to receive evidence and determine all issues. After hearing evidence, the ALJ entered an order awarding benefits to the claimant and specifically finding that the principal location of the employment relationship was in Georgia. The full board affirmed the ALJ's award and upon appeal to the superior court, the award was affirmed by operation of law. We granted appellant's discretionary appeal to determine whether there was any evidence to support the superior court's ruling that the principal location of the employment relationship was in Georgia.

The claimant/appellee was employed as a factory representative distributing products to retail and wholesale dealers in an area consisting of nine Tennessee counties and four Georgia counties. The claimant resided in Georgia and sustained a work-related injury while in Tennessee. The ALJ found that although appellant's corporate office was in Tennessee, the claimant maintained an office in his personal home in Georgia because appellant required him to have a place to keep "merchandise, samples and damaged goods"; that in addition to storing samples and damaged goods in his home office, claimant conducted company business from his home office, including keeping records and preparing daily reports; that claimant deducted the cost of his home office and all expenses associated therewith on his federal income tax return; that appellant shipped goods to claimant's home office; that claimant began and ended each work day from his home office; that claimant generally covered his entire 13 county area in a six-week period, spending approximately 14 to 15-½ days in Tennessee stores and 13 to 14-½ days in Georgia stores; and that although claimant's assigned territory was geographically larger and consisted of more stores in Tennessee than in Georgia, the greater weight of the evidence showed that claimant's principal locality of employment was in Georgia. The ALJ's findings of fact and conclusions of law were adopted by the full board. "A finding of fact made by the full Board when supported by any evidence, is conclusive and binding upon the superior court as well as this court. Neither we nor the superior court have any authority to set aside an award based on supported findings of fact merely because we might disagree with the conclusions reached therein. [Cits.]" *Subsequent Injury Trust Fund v. Harbin Homes*, 182 Ga. App. 316, 318 (355 SE2d 702) (1987). There was ample evidence presented by claimant through his own testimony to sup-

port the ALJ's decision. Appellant contends that claimant's testimony was not credible. "Where the evidence is conflicting, ' " 'the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact. (Cits.)' " ' [Cit.]". *Selfridge v. Morrison Cafeteria Co.*, 192 Ga. App. 469 (1), 470 (385 SE2d 137) (1989). Considering claimant's testimony as to the amount of time he spent in both states, the maintenance of his home office and the paperwork which he conducted from his home, we cannot conclude that the ALJ's determination that Georgia was the principal locality of the employment relationship was erroneous. See *Fidelity & Cas. Co. v. Swain*, 90 Ga. App. 615 (83 SE2d 345) (1954).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Van Gerpen & Rice, G. Scott Hoffman*, for appellants.
*Harriss, Hartman, Aaron & Townley, Robert A. Warton, Jr.*, for appellee.