A92A2264. WESLEYAN COLLEGE et al. v. MAINS.
(428 SE2d 577)

JOHNSON, Judge.

Robert Mains injured his knee in the course of his employment with Wesleyan College. The injury was diagnosed as a torn medial meniscus. The injury was subsequently surgically repaired. Mains received temporary total disability benefits, followed by workers' compensation benefits for a five percent partial permanent disability until benefits to which he was entitled were exhausted. Slightly more than two years later, a second on-the-job incident occurred resulting in an injury to the same knee. Mains submitted a claim for additional compensation, claiming that the initial injury included damage to the anterior cruciate ligament and that the problem had not been properly recognized and compensated for by the initial claim. Wesleyan College and its insurance carrier responded claiming that the statute of limitation had run as to any additional claim for benefits.

At a hearing before an administrative law judge, the initial treating physician acknowledged that Mains had complained that he was experiencing slipping or laxity in his knee, symptoms consistent with a ligament problem. A brace was prescribed to alleviate those symptoms. A second physician to whom Mains was later referred testified that the anterior cruciate ligament injury had probably been sustained in the initial accident in 1984. The ALJ determined that Mains was entitled to an increased disability rating in light of evidence that the initial award failed to recognize the true scope of the injury and was therefore insufficient. The full Board and the Superior Court of Bibb County affirmed the award.

" 'A finding of fact made by the full Board when supported by any evidence, is conclusive and binding upon the superior court as well as this court. Neither we nor the superior court have any authority to set aside an award based on supported findings of fact merely because we might disagree with the conclusions reached therein. (Cits.)' [Cit.]" *Conwood Corp. v. Guinn*, 201 Ga. App. 43, 44 (410 SE2d 315) (1991). In light of the conclusion that all benefits to which Mains was entitled in connection with his first claim had not been paid at the time of the submission of the second claim, the statute of limitation had not run. See *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154 (338 SE2d 742) (1985).

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

Decided February 8, 1993 —
Reconsideration denied March 2, 1993 — 

Murphy & Sibley, R. Napier Murphy, for appellants.
Westmoreland, Patterson & Moseley, Stewart R. Brown, for appellee.