A93A1458. STATE OF GEORGIA et al. v. BARDGE.
(439 SE2d 1)

BLACKBURN, Judge.

The State of Georgia, the Department of Transportation, and the Department of Administrative Services (hereinafter collectively referred to as "DOT"), seek review of the Stewart County Superior

Court's order which reversed the decision of the Appellate Division of the State Board of Workers' Compensation, and awarded temporary total disability benefits and permanent partial disability benefits to appellee, Bardge. We granted DOT's application for discretionary review.

Bardge suffered a compensable injury to his left wrist on September 27, 1988. Bardge was treated at the Hughston Clinic, by Dr. Sanders. On April 24, 1989, a Form WC-20a was generated by Hughston Clinic which indicated that Bardge was able to return to light duty work as of February 20, 1989. The Form WC-20a also revealed that the date of maximum recovery for Bardge was undetermined and that Bardge had no permanent disability resulting from his injury. Dr. Sanders' name is signed at the bottom of the Form WC-20a. Dr. Sanders testified that a nurse completed the Form WC-20a by reviewing his notes. Dr. Sanders' uncontradicted testimony indicated that Dr. Sanders could not give Bardge a permanent disability rating as of April 24, 1989, because Bardge had not yet reached maximum recovery.

Bardge received benefits until February 27, 1989, at which time he was to return to light duty work. However, it is uncontested that Bardge did not return to light duty work, but to his usual duties. Although Bardge had poor attendance due to his health, which was noted by his supervisor, he worked without any major incident until July 23, 1990. Bardge left work on July 23, 1990, and was eventually terminated for his failure to return to work after a leave of absence. On August 20, 1991, Bardge returned to Dr. Sanders and received a permanent partial impairment rating for his September 27, 1988 injury.

1. On appeal, the DOT argues that the superior court erred, in reversing the decision of the State Board of Workers' Compensation's Appellate Division, in contravention of the any evidence standard of review, by determining that the statute of limitation on Bardge's claim had not expired. "OCGA § 34-9-104 (b) provides that an application for a change of condition must be made not more than two years from the date of final payment of income benefits *due under the Act*. What income benefits were due [Bardge] under the Act? If the evidence supports the conclusion that [he] was due only temporary total disability benefits, then the date of last payment of such benefits on [February 27, 1989], would start the running of the two-year statute of limitation. However, if there is evidence to support a finding that [Bardge] was potentially due other income benefits at the time of the [1988] injury and was not paid these benefits, then [his 1991] claim for change of condition is a viable one." *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 160 (338 SE2d 742) (1985).

In the present case, the evidence supports the superior court's

determination that Bardge was due other benefits at the conclusion of his temporary benefits on February 27, 1989. DOT's references to limited portions of the evidence are incomplete, and upon review of the record, it is uncontroverted that Bardge had not reached maximum recovery as of April 24, 1989, and that Dr. Sanders could not determine a permanent impairment rating until maximum recovery was reached. See *State of Ga. v. Birditt,* 181 Ga. App. 356, 357 (352 SE2d 203) (1986). The Board's decision was not supported by any evidence and, therefore, was properly reversed by the superior court.

2. In its second enumeration of error, DOT asserts that the superior court erred in reversing the finding of the appellate division that Bardge had failed to establish a change in condition for the worse. The appellate division held that Bardge failed to prove that his inability to find full-time employment was proximately caused by his disability, citing *Aden's Minit Market v. Landon,* 202 Ga. App. 219 (413 SE2d 738) (1991). The appellate division specifically found that Bardge quit his job with DOT for reasons unrelated to his compensable injury and that he failed to establish, by credible evidence, that his job injury was related, in any way, to his continued unemployment. In response, Bardge argues that the superior court's order does not specifically address this issue, meaning that it was affirmed by the superior court. However, the superior court's order set aside the findings and conclusions of the Appellate Division as contrary to law.

"[T]he dispositive issue [is] whether [Bardge] suffered a loss of earning capacity as the result of an injury sustained while in [the DOT's] employment." (Citation and punctuation omitted.) *Evco Plastics v. Burton,* 200 Ga. App. 121, 122 (407 SE2d 60) (1991). "In seeking a resumption of benefits, the burden is on the employee to show that, after his termination for cause, his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury." (Citations and punctuation omitted.) Id.

The record indicates that while Bardge had attempted to do physical work, such as mow grass, he had not sought work from an employer or filled out any applications for work due to his injured arm. In *Aden's Minit Market,* supra, we determined that the claimant had not sustained her burden that she "could not find other employment because of her disability. . . ." 202 Ga. App. at 220. Therein, the claimant's "testimony established that she sought employment with several possible employers and was rejected. [We determined that] [t]his proof . . . [was] not sufficient to meet her burden as the record [was] silent on the reasons why she was not hired by any of these other employers." Id. In the present case, the record is not silent as to why Bardge was unable to find work. He testified that he did not seek employment because he was unable to work due to his injured arm. Bardge's argument is circular. His lack of effort to

obtain employment fails to support the burden placed on all claimants, that his inability to find employment was proximately caused by his accidental injury. See *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978). Therefore, the superior court erred in reversing the portion of the Appellate Division's order which found that Bardge had failed to establish a change in condition for the worse.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 18, 1993 —
RECONSIDERATION DENIED DECEMBER 8, 1993.

*Gardner, Willis, Sweat & Goldsmith, Todd S. Handelman*, for appellants.

*Ellis & Easterlin, George M. Peagler, Jr., W. Alexander Byars*, for appellee.