A96A2339. GEORGIA-PACIFIC CORPORATION v. ARLINE.
(484 SE2d 678)

BEASLEY, Judge.

Employer Georgia-Pacific Corporation appeals the superior court's reversal of an award by the Appellate Division of the State Board of Workers' Compensation, which had affirmed an award by an Administrative Law Judge. The appeal relates to the ALJ's and the Appellate Division's denial of temporary total disability benefits based on a change in condition. The claimant's burden of proof in such cases is set out in *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606) (1995).

Arline suffered a compensable injury to the middle and index fingers of his left hand on March 9, 1987. As a result, Arline received a 50 percent permanent impairment rating to each of the two fingers. By August 26, 1988, Arline had received payment of permanent partial disability income benefits (OCGA § 34-9-263) resulting from these impairment ratings, which were reported paid "in full." Georgia-Pacific Corporation made the last payment of total disability income benefits (OCGA § 34-9-261) on October 27, 1991. Arline did

not seek additional disability benefits until 1994, more than two years after the last payment. He claimed they should begin as of May 20, 1994, the day he ceased work. Arline requested a hearing to recommence total disability income benefits resulting from his original March 9, 1987 injury. "[T]he term 'change in condition' means a change in the wage-earning capacity, physical condition, or status of an employee . . . , which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise." OCGA § 34-9-104 (a) (1). "A claim for a 'change of condition' is a claim for additional compensation under the original award. [It] is predicated upon the claimant's gradually worsening condition, from the wear and tear of performing his usual employment duties and of ordinary life, to the point that he can no longer continue to perform his ordinary work." (Citations and punctuation omitted.) *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 157 (1) (338 SE2d 742) (1985).

The ALJ and the Appellate Division found that because more than two years had elapsed since the last payment of income benefits until May 20, 1994, the effective date Arline sought for recommencement of payments, his change in condition claim was barred by OCGA § 34-9-104 (b). Although the ALJ found that Arline "developed" carpal tunnel syndrome and nerve compression in his wrist as a result of the March 1987 injury to his fingers, he specifically found that Arline was not due any additional income benefits which might have been due him within two years of Georgia-Pacific's last payment of income benefits. Continued payments of medical expenses were not barred. OCGA § 34-9-200 (a); *General Ins. Co. of America v. Bradley*, 152 Ga. App. 600 (263 SE2d 446) (1979).

On appeal to the superior court, Arline argued that the two-year statute of limitation was tolled because unpaid benefits were "potentially due" within the two-year limitation period. He contended that the uncontroverted medical diagnosis of carpal tunnel syndrome in 1994 would have entitled him to additional disability benefits. The superior court agreed and reversed, interpreting the medical records as conclusively showing that because the nerve compressions which caused the carpal tunnel in Arline's hand and wrist were in close proximity to his injured fingers, it must "naturally and necessarily have existed at the time" Arline injured his fingers in March 1987.

1. Arline's injury was in 1987, and Georgia-Pacific concedes that the pre-1990 version of the law would apply. Prior to 1990, the law read "that at the time of application not more than two years have elapsed since the date of final payment of income benefits due." OCGA § 34-9-104 (b) of the Act was amended in 1990 to provide "that at the time of application not more than two years have elapsed since

the date the last payment of income benefits pursuant to Code Section 34-9-261 or 34-9-262 was actually made." See discussion in Hiers & Potter, Georgia Workers' Compensation Law & Practice, § 23-3, p. 361 (3rd ed. 1995). Under the pre-1990 version, the two-year statute of limitation found in OCGA § 34-9-104 (b) is tolled when benefits were "potentially due" before the limitation period ran. *Holt's Bakery*, supra at 160 (3). "What is meant by 'potential' is not that the type of disability may arise in the future, but rather that there is evidence that it existed at the time although no claim was made for it." *MARTA v. Ledbetter*, 184 Ga. App. 518, 519 (361 SE2d 878) (1987). If additional benefits were actually or potentially due when the last income benefits were paid, then the two-year statute of limitation does not run. To designate such payment as "last" is premature in that all disability payments to which claimant is legally entitled under OCGA § 34-9-263 have not been paid. See also *Justice v. R. D. C., Inc.*, 187 Ga. App. 198, 199 (1) (369 SE2d 493) (1988); *Bateman v. Merico, Inc.*, 190 Ga. App. 710, 712 (379 SE2d 526) (1989).

The superior court applied *Wesleyan College v. Mains*, 207 Ga. App. 562 (428 SE2d 577) (1993), to conclude that a finding that the statute of limitation had been tolled was mandated. The court reasoned that because the ALJ found that Arline's nerve compression and carpal tunnel syndrome diagnosed in 1994 were caused by his March 9, 1987 injury, and because Arline's physician had opined that carpal tunnel syndrome may entitle Arline to an increased impairment rating, the "true scope" of Arline's injury was not properly recognized in the original award, and the statute of limitation was tolled.

*Wesleyan College* is distinguishable. There, the ALJ specifically found that at the time of the recognized injury, an unrecognized injury existed for which the claimant was not compensated during the limitation period. In Arline's case, the Appellate Division affirmed the ALJ's specific finding that, although Arline's carpal tunnel syndrome and nerve compression "developed from" the original injury to his fingers and were "caused by" it so as to constitute a superadded injury, they did not exist at the time last income benefits were paid. Evidence supported this finding.

The first reported indication of the nerve compression and carpal tunnel syndrome occurred on August 9, 1994, more than two years after the last payment in October 1991. The ALJ made a factual finding that Arline began to experience numbness and pain in his left hand radiating up to his left shoulder but did not make a finding that this indicated carpal tunnel syndrome and nerve compression. He found that the diagnostic testing after May 20, 1994, revealed carpal tunnel and left ulnar nerve compression. The first reported suggestion of carpal tunnel is August 9, 1994, the month before Arline had

surgery for the carpal tunnel. The superior court, and this court, must apply the "any evidence" standard of review. *Wesleyan College,* supra.

In making the determination that Arline's carpal tunnel syndrome and nerve compression existed at the same time he sustained the injury to his fingers, but simply was not diagnosed as such until 1994, the superior court substituted itself as factfinder, which is prohibited. OCGA § 34-9-105 (c) and (d). See *Fox v. Liberty Mut. Ins. Co.,* 125 Ga. App. 285, 288 (187 SE2d 305) (1972); *Travelers Ins. Co. v. Purcell,* 152 Ga. App. 279 (1) (262 SE2d 566) (1979); *Wesleyan College,* supra. The scope of the superior court's jurisdiction is limited by OCGA § 34-9-105. "On appeal, a finding of fact made by the [Appellate Division] when supported by any evidence, is conclusive and binding on the superior court as well as this court. Neither we nor the superior court have any authority to set aside an award based on supported findings of fact merely because we might disagree with the conclusions reached therein." *Wesleyan College,* supra. This rule was not changed by the 1994 amendment to OCGA § 34-9-103, which became effective before the ALJ hearing in this case. Ga. L. 1994, p. 887, § 8.

2. The employee's claim for increased permanent partial disability rating, decision on which was reserved by the ALJ and the Appellate Division, is also foreclosed by the statute of limitation. Although the current version of OCGA § 34-9-104 (b) permits claims for benefits under OCGA § 34-9-263 ("compensation for permanent partial disability") to be filed "not more than four years from the date the last payment of income benefits pursuant to Code Section 34-9-261 or 34-9-262 was actually made . . . ," the pre-1990 version of OCGA § 34-9-104 (b), which provides for a two-year limitations period for claims under § 34-9-263, is applicable to this case since the injury occurred in 1987. The superior court erred in remanding the case for this purpose.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 5, 1997 —
RECONSIDERATION DENIED MARCH 31, 1997 — 

*Howard & Whatley, Thomas G. Whatley, Jr.,* for appellant.
*B. T. Edmonds, Jr.,* for appellee.