A00A2200. MIX v. ALLIED READYMIX et al.
(546 SE2d 41)

ANDREWS, Presiding Judge.

We granted Darryl Mix's application for discretionary appeal to determine whether the superior court erred in reversing a workers' compensation award entered by the appellate division of the State Board. Because the findings of the Board were supported by some evidence, the trial court erred by finding otherwise. See OCGA § 34-9-105 (b).

Mix was injured on October 31, 1997, when the cement truck he was driving overturned. Mix sustained transverse process fractures at L2, L3, and L4. After substantially recovering from the compensable injury to his back, Mix was released to full duty. About five months after the rollover incident, Lawrence N. Reckles, M.D., evaluated Mix and issued a five percent permanent partial disability rating to the body as a whole. Two months prior to the evaluation by Dr. Reckles, Mix obtained an independent medical evaluation from Simon Portee, M.D., who issued a fifteen percent permanent partial disability rating. While examining Mix, Dr. Portee noted, "[p]ain to percussion over the lumbar-sacral spine. Pain elicited over interspinous ligaments when attempting to bend over." Dr. Portee's impression was "[l]umbar spine radiculopathy." In assigning the disability rating, Dr. Portee used the American Medical Association Guide to the Evaluation of Permanent Impairment (4th ed.), Table 74, p. 111.

Dr. Reckles disagreed with the basis for Dr. Portee's rating, stating in a letter directed to the employer's counsel:

A review of Table 74 indicates that a 15% body as a whole rating is appropriate for patients with: (1) neurologic evidence of limb impairment, or (2) a 25-50% compression fracture or fractures of the posterior elements of a lumbar vertebrae disrupting the spinal canal. Mr. Mix, as you know, suffered transverse process fractures of L2, L3, and L4. These are fractures that do not disrupt the spinal canal and, hence, are more appropriately categorized as DRE Impairment Category II rather than Category III as Dr. Portee suggests.

Dr. Portee, however, assigned the higher rating because "[t]he patient exhibited and treatment notes documented clinical signs of radiculopathy and neurologic compromise."

After considering the conflicting evidence and reviewing the medical records, the administrative law judge (ALJ) found that Mix had sustained a ten percent permanent partial disability. Upon determining that "a preponderance of competent and credible evidence in the record" supported that finding, the appellate division adopted the ALJ's award as its own. The superior court, however, reversed the appellate division. The court decided that "no evidence in the record" warranted the award and that the facts found by the ALJ did not support it either.

1. Mix contends that the superior court committed reversible error by failing to properly apply the appropriate standard of review. We agree. On appeal of a workers' compensation award, the superior court is authorized only to affirm, reverse, or, under certain circumstances, remand to the Board for further proceedings. *Willis v. Holloway*, 154 Ga. App. 3 (267 SE2d 795) (1980). Judicial review is restricted to the five statutory grounds delineated in OCGA § 34-9-105 (c). When a finding of fact made by the full Board is supported by any evidence, it is conclusive and binding upon the superior court. *Wesleyan College v. Mains*, 207 Ga. App. 562 (428 SE2d 577) (1993).

Here, the sole issue was the percentage of permanent partial disability sustained by Mix. See OCGA § 34-9-263 (d). Mix offered evidence showing a fifteen percent disability while his employer and its self-insurer offered evidence suggesting a five percent disability. The employer contends that the impairment rating must be one or the other and cannot be averaged. The employer argues that the higher disability rating was issued before Mix had achieved maximum medical improvement and should, therefore, be disregarded.

Opinions of medical experts are advisory only and may be

accepted or rejected by the Board. *Caraway v. ESB, Inc.*, 172 Ga. App. 349, 350 (323 SE2d 197) (1984). As the factfinder, the Board was entitled to review the opinions of both physicians and to draw its own conclusions from that evidence and other evidence as to the proper permanent partial disability rating for Mix. See *Blevins v. Atlantic Steel Co.*, 172 Ga. App. 557, 558 (323 SE2d 861) (1984). Moreover, when the ALJ and the appellate division weigh conflicting evidence of medical experts and credit one over the other, those findings must be affirmed. *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995). "While competent expert testimony is entitled to great weight, it is not so authoritative that either court, jury, or commission is bound to be governed by it, since it is advisory merely and intended to assist them in coming to a correct conclusion." (Citation and punctuation omitted.) *Turner v. Travelers Ins. Co.*, 114 Ga. App. 729, 730 (1) (152 SE2d 783) (1966). When, as here, the question at issue is the degree of disability, either to the claimant's whole person or to a specific member, an award is not unsupported by evidence where the trier of fact arrives at a specific percentage of disability from all the evidence in the case. See id. Since in this case the percentage of disability found by the Board lies within the range of all the evidence, that finding cannot be said to lack evidentiary support. *Davis v. Gen. Motors Corp.*, 166 Ga. App. 401, 402 (304 SE2d 402) (1983). Therefore, the superior court erred in substituting its own judgment for the findings of the Board. *Ga.-Pacific Corp. v. Wilson*, 240 Ga. App. 123, 126 (1) (522 SE2d 700) (1999). Because the superior court exceeded its mandate, the judgment must be reversed with direction that the court confine its ruling to the dictates of OCGA § 34-9-105 (b). *Subsequent Injury Trust Fund v. Knight Ridder Newspapers &c.*, 203 Ga. App. 458, 460 (1) (416 SE2d 887) (1992).

2. In light of the above holding, we need not reach the other issues enumerated as error.

*Judgment reversed with direction. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 23, 2001.

*Scott T. Bushnell*, for appellant.

*Swift, Currie, McGhee & Hiers, Timothy C. Lemke, Marie-Yolaine Bernard*, for appellees.