### A01A1189. CITY OF POULAN et al. v. HODGE.
(554 SE2d 233)

ELDRIDGE, Judge.

This workers' compensation claim involves the tolling of the statute of limitation because the claimant had not reached maximum medical improvement ("MMI") prior to the termination of benefits by the insurer for a compensable injury of January 9, 1989; the claims for change of condition and permanent partial disability ("PPD") were not filed until August 12, 1999. Both the administrative law judge ("ALJ") and the appellate division found that the statute of limitation, OCGA § 34-9-104 (b), had run; the superior court reversed on an error of law as to the application of OCGA § 34-9-105 (c) (5), because the claimant had not been determined to have reached MMI prior to determination of the absence of permanent disability and voluntary termination of benefits. We reverse and remand to the Board of Workers' Compensation for determination of the facts in light of this opinion correcting errors of law as to the interpretation of the applicable law.

The claimant, who had no pre-existing or subsequent lower back condition or injury, compensably injured his lower back when he fell, hitting his lower back across the edge of a backhoe bucket. The employer-insurer voluntarily paid temporary total disability benefits until March 20, 1989, when the claimant returned to light-duty work.

Dr. C. B. Gillespie continued to treat the claimant for a little over

---

[11] Id. at 602 (2).
[12] See *Ga. Farm &c. Ins. Co. v. Osting*, 240 Ga. App. 833 (525 SE2d 380) (1999); *In re Spruell*, 237 Ga. App. 259, 260 (515 SE2d 190) (1999).

two months until May 22, 1989, when the doctor released the claimant to return to full-duty work without making a determination of MMI.

From the March 7, 1989 MRI, Dr. Gillespie found "minimally abnormal lumbar MR study demonstrating mild to generative disk changes at L4 through L5 through S1 interspaces." However, this medical report failed to indicate MMI, although there was a labeled box number 7 to indicate this on the form, which was left blank. However, Dr. Gillespie checked "no" as to whether claimant had any permanent disability. The last visit was on April 27, 1989. Section 16, "Date of Final Weekly Payment," was left blank as was Section 17, addressing permanent injury. Dr. Gillespie never filed a WC-20 "Final Medical Report," and filed only a WC-18 "Medical Report." At no time did Dr. Gillespie make a MMI determination prior to making an absence of permanent disability determination.

The claimant returned to work on March 20, 1989, and worked for the employer until November 27, 1989, doing light- and normal-duty work, when he went to work for a different employer for whom claimant worked until December 23, 1989. Claimant contended that he left the employer, because the work was too hard on his back. The employer contended that claimant quit to get more money and an easier job, although the record showed that claimant worked only for three weeks. The claimant claimed that he quit the new job because his back got worse.

The claimant's back continued to worsen until September 1, 1992. On June 17, 1992, claimant was treated by Dr. William L. Hornback III who diagnosed a condition consistent with a herniated nucleus pulpolsus at L5-S1 on the left. On September 1, 1992, claimant experienced a relapse of his prior condition, and on September 15, 1992, Dr. Hornback referred claimant to Dr. Lowery for disc excision at L4-L5. On November 4, 1992, claimant underwent surgery for an L4-L5 bulging disc, which was confirmed through surgery. Dr. Hornback reported that the claimant did not reach MMI and PPD status until after surgery, which was the first report of MMI made by any physician.

1. The City of Poulan and Travelers Indemnity Company contend that the superior court erred because OCGA § 34-9-104 (b) barred the claim. We do not agree, because the ALJ and the appellate division erred in their interpretation of OCGA § 34-9-104 (b) and applicable case law applying the statute of limitation.

The statute of limitation contained in OCGA § 34-9-104 (b)[1] is tolled until "the last payment of income benefits pursuant to Code Section 34-9-261 or 34-9-262 was actually made under this chapter." Under OCGA §§ 34-9-1 (5)[2] and 34-9-263 and case law applicable to the statute at that time,[3] there must be a MMI determination prior to a determination of either a permanent total disability or PPD rating, because the legal determination of permanent disability cannot be made prematurely before the claimant has reached MMI. *State of Ga. v. Birditt*, 181 Ga. App. 356 (352 SE2d 203) (1986). Such MMI determination was not done in this case until after claimant's operation. Dr. Gillespie never rendered a MMI before rendering his lack of disability opinion; the MMI is the condition precedent to rendering a legal disability rating on the claimant that causes the statute of limitation to commence running. Failure to render a MMI prior to or at the same time before rendering a disability rating prevents the statute of limitation from commencing to run, because there exist potential unpaid claims as to temporary partial disability or PPD, a potential benefit and final benefits potentially owed but not "actually made." OCGA § 34-9-104 (b). See also *MARTA v. Ledbetter*, 184 Ga. App. 518, 519 (361 SE2d 878) (1987); *State of Ga. v. Bardge*, 211 Ga. App. 307, 308 (439 SE2d 1) (1993); *State of Ga. v. Birditt*, supra at 357-358.

---

[1] The Workers' Compensation statute of limitation in effect in 1989 was Ga. Code Ann. § 114-305 (a):

> The right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or remedial treatment has been furnished by the employer on account of the injury, the claim may be filed within one year after the date of the last remedial treatment furnished by the employer or within two years after the date of the last payment of weekly benefits.

Ga. L. 1978, pp. 2220, 2221, § 2.

[2] The definitional section applicable in 1989, regarding a required permanency rating, stated "[i]n all cases arising under this chapter, any percentage of disability or bodily loss ratings shall be based upon 'Guides to the Evaluation of Permanent Impairment' or any other medical book or guide." OCGA § 34-9-1 (5) (1988 ed., paragraph (5) was deleted by Ga. L. 1996, p. 1291, § 1, and was made Rule 263). Workers' Compensation Act Title 34 Appendix, Rule 263:

> Determination of Disability Rating. Within 30 days after the employee is entitled to weekly benefits under subsection (c) of OCGA § 34-9-263, the employer/insurer shall have the employee's injured body member rated for disability pursuant to the "Guides to the Evaluation of Permanent Impairment, Fourth Edition" published by the American Medical Association, furnish a copy of the medical report of rating to the employee, and commence payment not later than 21 days after knowledge of the rating. The employer/insurer are presumed to have knowledge of the rating not later than 10 days after the date of the report establishing the rating.

Revised July 1, 1996.

[3] *State of Ga. v. Bardge*, 211 Ga. App. 307, 308 (439 SE2d 1) (1993); *State of Ga. v. Birditt*, 181 Ga. App. 356, 357-358 (352 SE2d 203) (1986).

As the name implies, permanent partial disability requires a finding of permanency — the loss must be permanent in quality. OCGA § 34-9-263. In the case [before the court], the board found that [the] claimant's injuries were not permanent in quality since claimant did not reach maximum improvement. . . . But *Davis v. Gen. Motors Corp.*, 166 Ga. App. 401 [(304 SE2d 402) (1983)] cannot be interpreted as eliminating the permanent in quality requirement set forth in OCGA § 34-9-263.

(Punctuation omitted.) *State of Ga. v. Birditt*, supra at 357-358. The claim in that case was held to be premature, because there was no MMI prior to seeking PPD.

When potential temporary partial disability or PPD payments have not been paid because the employer/insurer stops payment upon the claimant's return to work, such unilateral act by the employer/insurer tolls the running of the statute of limitation by leaving potential claims unpaid. OCGA § 34-9-104 (b); *State of Ga. v. Bardge*, supra at 308-309; *Wesleyan College v. Mains*, 207 Ga. App. 562 (428 SE2d 577) (1993); *MARTA v. Ledbetter*, supra at 519; *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 160-162 (338 SE2d 742) (1985).

Absent a MMI determination, there can be no legal disability rating so that any "potential" benefits under *Holt's Bakery v. Hutchinson*, supra at 159-161, can be finally determined by the ALJ. "What is meant by 'potential' is not that the type of disability may arise in the future, but rather that there is evidence that it existed at the time although no claim was made for it." *MARTA v. Ledbetter*, supra at 519; see also *Justice v. R.D.C., Inc.*, 187 Ga. App. 198, 200 (369 SE2d 493) (1988). Absent a MMI, any disability rating is premature, and no award can be made for a permanent disability. See *State of Ga. v. Birditt*, supra. In *Justice v. R.D.C., Inc.*, supra, there had been a MMI determination and a PPD with a total payout of benefits prior to seeking a change of condition award; such was not the case here where no MMI was made prior to the surgery.

The ALJ failed to find that the MMI was a legal condition precedent to a determination of disability and that no MMI and valid disability rating had been made prior to the surgery so that "potential" benefits existed, tolling the running of the statute.

2. The employer/insurer contends that it cannot be liable for both PPD and temporary total disability benefits at the same time, as the judgment of the superior court reads. We agree that both benefits cannot be recovered at the same time. However, the ALJ must reconsider the facts in light of Division 1.

The employer/insurer paid temporary total disability benefits to

the claimant prior to his return to work but ceased such payments without seeking an award for change in condition, when the claimant was potentially entitled to temporary partial disability or PPD benefits under the facts. See generally *MARTA v. Ledbetter*, supra at 519. Therefore, a question existed whether temporary total or partial disability benefits were owed until there was a determination of a change in condition. However, prior to any hearing, it appears from the record that the claimant may have reached a PPD status through the worsening of the original injury; after the operation, from what appears was the same injury without pre-existing or subsequent injury, claimant reached MMI. See *American Motorist Ins. Co. v. Corbett*, 144 Ga. App. 845, 846 (2) (242 SE2d 748) (1978). However, claimant's work for the employer and several weeks work for another employer may raise questions as to causation for determination by the ALJ, which factual determination was not previously made in light of Division 1. See *Independent Life &c. Ins. Co. v. Cox*, 207 Ga. App. 402 (427 SE2d 862) (1993).

*Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976), applies, because only the ALJ and the appellate division can determine the facts in this case under the applicable law; but they misconstrued the law applicable to the facts and must reconsider the facts in light of this opinion. The ALJ must reconsider the evidence in light of the law, because the superior court cannot make such factual determination from the record.

The employer/insurer urges the Court to find that the claimant failed to carry his burden of proof of change of condition. Claimant would appear to have met his burden of proof to establish the change in condition at the hearing under OCGA § 34-9-104 from the record. He established not only his incapacity to perform strenuous duties but also his inability to find or hold employment because of his injury. Thus, claimant has "show[n] that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury," which is a loss of earning power caused by a compensable injury after the exercise of diligence to obtain employment when terminated for the inability to perform work offered. (Citation and punctuation omitted.) *Maloney v. Gordon County Farms*, 265 Ga. 825, 827 (462 SE2d 606) (1995). However, neither this Court nor the superior court can make this factual determination, because the ALJ never made this determination, which on remand must be made by the ALJ.

Thus, on remand, the judgment of the superior court is reversed and vacated as is also the award of the ALJ and the appellate division of the Board of Workers' Compensation. It is for the ALJ to determine when temporary partial or total disability ceased, when PPD commenced, causation, and benefits in light of this opinion.

*Judgment reversed, vacated and remanded with instructions. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED AUGUST 16, 2001 —
RECONSIDERATION DENIED SEPTEMBER 12, 2001 —

*Shivers & Associates, Edwin G. Russell, Jr.,* for appellants.
*Woodall & Pflepsen, Keith A. Pflepsen,* for appellee.