S02G0083. CITY OF POULAN et al. v. HODGE.
(569 SE2d 499)

HUNSTEIN, Justice.

We granted certiorari in this workers' compensation case to determine whether the Court of Appeals properly found that the failure to have a "maximum medical improvement" (or "MMI") determination tolled the statute of limitation for filing a change of condition claim under workers' compensation. *City of Poulan v. Hodge*, 251 Ga. App. 500 (554 SE2d 233) (2001) (Andrews, P. J., concurring in judgment only). This case involves application of the version of OCGA § 34-9-104 (b) in effect before 1990 in those factual situations where a health care provider failed to indicate on a workers' compensation form whether or not an injured worker had attained his or her "maximum medical improvement."

Prior to 1990, the two-year statute of limitation in OCGA § 34-9-104 (b) for filing a change of condition claim began to run only upon "the final payment of income benefits due under this chapter."[1] This phrase was interpreted by the Court of Appeals in *MARTA v. Ledbetter*, 184 Ga. App. 518 (361 SE2d 878) (1987), which held that in determining what benefits may be "due" a claimant, "[w]hat is meant . . . is not that the type of disability may arise in the future, but rather that there is evidence that it existed at the time although no claim was made for it." Id. at 519. The dissent in *Ledbetter* charged that this interpretation "emasculate[d]" the limitation period, in that "a worker could wait 10 or 20 or 30 or even 50 years before filing a change in condition claim." Id. at 520 (Deen, P. J., dissenting, joined by Carley and Sognier, JJ.). This Court denied certiorari in *Ledbetter*. 184 Ga. App. 910.

The work-related injury in issue in this case was incurred in 1989 and thus comes under the pre-1990 version of OCGA § 34-9-104 (b). After Hodge injured his back while working for the City of Poulan, he was treated and released for full duty work. Although his physician reported that Hodge had no permanent disability as a result of the injury, the health care provider failed to enter a finding under the "maximum medical improvement" portion of the form. Hodge later left the City's employ and in 1999 sought compensation benefits based on change of condition and permanent partial disability. Hodge claimed that the statute of limitation did not preclude his claim because he was "due" these benefits, in that he had not reached maximum medical improvement prior to the time his benefits for the 1989 injury were terminated. Although the ALJ and State Board of Workers' Compensation denied Hodge's claim, the superior court reversed holding that under *Ledbetter* he was entitled to recover as a matter of law.

Hodge relied upon the fact that no "maximum medical improvement" finding had been entered in his case. The Court of Appeals in *State of Ga. v. Birditt*, 181 Ga. App. 356, 357-358 (352 SE2d 203) (1986) recognized that legal determination of the permanent partial disability benefits to which a worker was entitled might not be calculable until the injured worker reached maximum medical improvement, since the degree if any of the permanency of the injury might not be ascertainable before that point. Looking to this holding in *Birditt*, the Court of Appeals in this case stated that a finding of maximum medical improvement was a "legal condition precedent to a determination of disability." *City of Poulan*, supra, 251 Ga. App. at

---

[1] This language was eliminated when the statute was amended in 1990. See Ga. L. 1990, p. 1409, § 3.

503 (1). *Birditt,* however, does not support this language since *Birditt* merely upheld the appropriateness of the Board's finding that a claimant who had not reached maximum medical improvement had failed to establish that his injuries were permanent in quality so as to qualify for permanent partial disability. Nothing in the Workers' Compensation Act supports the "legal condition precedent" conclusion reached by the Court of Appeals in this case and we accordingly disapprove that language.

The Court of Appeals correctly recognized that under the holding in *Ledbetter,* supra, a workers' compensation claimant under the pre-1990 statute of limitation would have a claim for benefits still "due" if the evidence showed the claimant had a claim for potential benefits prior to the employer's termination of his benefits. Where the Court of Appeals erred, however, was applying its misinterpretation of *Birditt* in light of *Ledbetter's* holding in order to conclude that "[a]bsent [an MMI finding], any disability rating is premature, and no award can be made for a permanent disability." *City of Poulan,* supra, 251 Ga. App. at 503 (1). Although the Court of Appeals improperly indicated that the need for a maximum medical improvement finding was a legal condition precedent, it nevertheless was correct when it reversed the superior court. Under *Ledbetter,* the statute of limitation on Hodge's claim was tolled not as a matter of law but only as a matter of fact, which depended on Hodge showing that the benefits he sought for his 1989 back injury had been "due" before the City terminated payment for his back injury.

The Court of Appeals remanded the case "for determination of the facts in light of this opinion correcting errors of law as to the interpretation of the applicable law." *City of Poulan,* supra, 251 Ga. App. at 500. The Court of Appeals considered remand necessary because the ALJ had failed to consider the legal effect of the absence of the maximum medical improvement finding. As we stated above, however, the Court of Appeals itself was in error regarding the legal effect of an MMI finding. Thus, while we agree with the Court of Appeals that the superior court's ruling required reversal, we do not agree that a remand was required.

Instead, our review of the ALJ's order in the record reveals that the ALJ in this case made all pertinent factual findings necessary to resolve Hodge's claim. Citing *Ledbetter,* the ALJ found that Hodge failed to show that any permanent partial disability income benefits were due him which were not paid by the employer within the two years following the City's last payment of income benefits to Hodge. Hodge's evidence regarding the absence of a maximum medical improvement finding was directly before the ALJ. Because the absence of the MMI was not a "legal condition precedent" but only an evidentiary factor the ALJ was entitled to consider in determining

whether Hodge carried his burden of proving the existence of an injury as per *Ledbetter*, no remand to the ALJ for additional findings of fact is necessary in this case. Rather, because the ALJ found as a matter of fact that Hodge had no injury, this finding resolved any fact question arising out of the health care provider's clerical error in failing to enter a maximum medical improvement finding.

The record thus established that Hodge was not "due" any benefits so as to toll the running of the statute of limitation under *Ledbetter* and the pre-1990 version of OCGA § 34-9-104 (b). The ALJ correctly denied Hodge's claims for benefits on the basis of that pre-1990 statute of limitation and the Board correctly affirmed the ALJ's ruling. Because the superior court incorrectly reversed the Board's ruling based on a misapplication of the law, we affirm that part of the opinion of the Court of Appeals reversing the superior court's ruling. We reverse that part of the Court of Appeals' opinion remanding the case and disapprove the language in the opinion in the Court of Appeals contrary to our holding above.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Shivers & Associates, Edwin G. Russell, Jr.*, for appellants.
*Woodall & Pflepsen, Keith A. Pflepsen*, for appellee.